## GARLICK *vs.* REECE.

`APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where the plaintiff is not the holder of a note sued on, but only his agent
to deliver it to the maker, and knew a great part of the amount had been
paid, and that he took advantage of the absence of the maker to obtain a
judgment, it would present the case of a judgment obtained through
fraud, which might be avoided by direct action of nullity.

Pending an action of nullity, the party may obtain an injunction to prevent
the judgment creditor from gaining any advantage by the alleged fraud,
in pursuance of the general authority to issue injunctions, conferred by
article 303 of the Code of Practice.

The defendant cannot enjoin a judgment to obtain credit for payments
made before suit was brought, and for the purpose of partial relief,
leaving the judgment to subsist as to the balance.

An injunction cannot issue to stay execution on grounds which might have
been pleaded in defence before judgment.

This case commenced by injunction. The plaintiff
claims a credit of six hundred dollars on his note, and
judgment thereon for eight hundred dollars, which judgment,
he alleges, the present defendant obtained through fraud,
and without allowing the proper credits. He prays that
the execution, issued on said judgment, be enjoined for the
sum of six hundred dollars, and for general relief. The
injunction was granted.

On motion of the defendant and on the face of the petition,
the court dissolved the injunction, with ten per cent. damages
on the six hundred dollars enjoined, and costs. The plaintiff
in injunction appealed.

*Labauve,* for the plaintiff and appellant.

1. The petition in this case, sets forth good grounds of
action, and shows that manifest injustice has been done to

the petitioner.   The judgment dissolving the injunction is, therefore, clearly erroneous and should be reversed.

*Ives and Stacy*, for the defendant.

1. No cause is shown on the face of the papers for an injunction.   In the petition for it, it is explicitly stated by the party, that he gave directions that should "*a suit*" be brought against him, (Garlick) in his absence, by Reece, the petition should be *served upon his attorney, Zenon Lebauve,* which service would be the *same as if made upon himself.*   In this same petition, he acknowledges the service to have been so made.

2. Being cited before the court in the manner he had specially directed, as appears by his own showing, he can urge nothing against the judgment obtained against him, but such as he might have opposed to it had he been personally cited, and defended the suit in person.   8 *Martin, N. S.,* 187, 232.   2 *Louisiana Reports,* 137.

3. Had that been the fact, the judgment could not have been legally enjoined, for the matters appearing in the petition, at most, only subsidiarily to a prayer for the nullity of the judgment.   8 *Martin, N. S.,* 232.   *Ibid.,* 510.   2 *La. Reports,* 137.

4. The party has mistaken his right of action, if he had any, which is denied.   He should have brought suit to *annul* and set aside the former judgment.   The petition contains no such prayer ; consequently, it cannot be granted ; neither can any testimony be heard in favor of it.   2 *Louisiana Reports,* 137.

*Bullard, J.,* delivered the opinion of the court.

The facts set forth by the plaintiff, upon which he grounds his prayer for relief, against a judgment recovered against him, by the defendant, are the following : That Reece had obtained judgment, in October, 1833, on a note drawn in favor of Nicholas Murray and endorsed by him, for eight hundred dollars, dated, May, 1830 ; that this judgment was fraudulently obtained ; that Reece knew of a payment of six

hundred dollars, made by the petitioner, on the note, to Murray, and that he was not the *bonâ fide* holder, but had been entrusted with the note, to be given up to the plaintiff, having advanced the remaining two hundred dollars. The plaintiff further avers, that being obliged to leave the parish of Iberville, for some time, and expecting the defendant to sue him, at the approaching term of the District Court, on an account, he authorised service of process to be made on his attorney; that the defendant brought suit on the note, and that his attorney, having no knowledge of the facts and no instructions as to the defence, suffered judgment to go against him; and that on his return, he found judgment signed on the note, which he never knew was in the possession of the present defendant. He avers that he was taken by surprise, and that the judgment was obtained by fraud and concealment.

These facts were sworn to by the petitioner, and the judge thereupon directed an injunction, to stay proceedings on the execution, as to the six hundred dollars alleged to have been paid to Murray.

At the succeeding term of the court, the defendant moved the court to dissolve the injunction, on the ground that the facts and allegations set forth in the plaintiff's petition, in order to obtain said injunction, are insufficient in law to authorise the issuing of said writ. The injunction was dissolved, and the plaintiff appealed.

The question which this case presents is, therefore, whether, admitting the truth of all the allegations in the petition, they make out such a case as would authorise the interposition of the court, to stay proceedings on a judgment obtained under such circumstances.

If it be true that Reece was not the holder of the note, that he was the mere agent of the holder, to deliver it to the plaintiff; if he knew that a great part of the amount had been paid, and that he took advantage of the absence of the plaintiff, to obtain a judgment, it would seem to present a case of a judgment obtained through fraud, on the part of the plaintiff, and which might be avoided by direct action of

*Margin notes:*

EASTERN DIST.
*March,* 1835.

GARLICK
*vs.*
REECE.

Where the plaintiff is not the holder of a note sued on, but only his agent to deliver it to the maker, and knew a great part of the amount had been paid, and that he took advantage of the absence of the maker to obtain a judgment, it would present the case of a judgment obtained through fraud, which might be avoided by direct action of nullity.

Pending an action of nullity, the party may obtain an injunction, to prevent the judgment

An injunction cannot issue to stay execution, on grounds which might have been pleaded in defence before judgment.

nullity, instituted in the same court which had pronounced it. *Code of Practice, articles* 607 *and* 613.

Pending an action of nullity, in such a case, the court might, perhaps, be authorised to grant and maintain an injunction, to prevent the judgment creditor from gaining any advantage by the alleged fraud, in pursuance of the general authority to issue injunctions conferred by article 303 of the Code of Practice.

But this is not an action to annul the first judgment on the ground of fraud ; but the plaintiff seeks only to obtain credit for six hundred dollars, paid before suit was brought, for the purpose of partial relief, leaving the judgment to subsist as to the balance of the note. The suit must be considered only as an incident to the first, in the relation of an opposition to its execution, either in whole or in part. 4 *Louisiana Reports*, 90 *and* 293.

Viewing the case in that light, we think the court did not err in refusing to open the first judgment, in order to inquire into the defence of which the defendant might have availed himself, on the trial. It has been repeatedly decided by this court, that an injunction cannot issue to stay execution, on grounds which might have been pleaded in defence before judgment. 8 *N. S..* 513. 2 *La. Reports*, 181. 1 *N. S.*, 71.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs, reserving, however, to the plaintiff the right, if any he have, to proceed by action of nullity.