ELKINS'S HEIRS *vs.* BERRY.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The Court of Probates *is without* jurisdiction in an action on an appeal bond, or to try a rule against the surety therein, to render him liable for the judgment against his principal, although the appeal was taken from that court.

This is in the nature of an action on an appeal bond against the surety in the Court of Probates. The plaintiffs having obtained a judgment in the Probate Court against the late N. Cox, as administrator of the estate of the late Samuel Elkins, deceased, a suspensive appeal was taken to the Supreme Court, with Jeremiah Berry as surety; which judgment was affirmed, with damages. The final judgment remaining unpaid, the plaintiffs took a rule in the Court of Probates, from whence the appeal was taken, on the defendant, and notice was given that at the expiration of ten days, they would apply to the court for judgment against him as surety in the appeal bond, for the amount of the final judgment obtained by them against N. Cox.

The defendant excepted to the rule or order of court, on several grounds, and that the Court of Probates had no jurisdiction of the subject matter set forth, but that the same belonged exclusively to the courts of general and ordinary jurisdiction.

The judge of probates sustained this exception, and discharged the rule. The plaintiffs appealed.

*J. Slidell,* for the plaintiffs.

*L. C. Duncan,* contra.

*Morphy, J.,* delivered the opinion of the court.

On a suggestion to the court below, that N. Cox had died, and that his estate had been declared insolvent, and directed to be administered on by a syndic, a rule was taken on J. Berry as surety on an appeal bond, to show cause why

judgement should not be rendered against him, for the amount of the decree obtained against Cox in this case, to wit : the sum of thirty thousand nine hundred and ten dollars and sixty-one cents, with five per cent. damages thereon, interest from the 3d of December, 1836, (the day of the death of N. Cox), and costs of suit. The defendant appealed, and among other means of defence, pleaded to the jurisdiction of the Court of Probates. The opinion we have formed on this plea, will make it unnecessary for us to examine any of the other questions raised by the pleadings.

<em>Eastern Dist.</em><br/><em>May,</em> 1840.<br/><br/>ELKINS'S HEIRS<br/><em>vs.</em><br/>BERRY.

Courts of Probate are of limited jurisdiction ; their powers are specially defined in article 924 ; and article 925 provides that they shall have no jurisdiction, except in the cases enumerated in the preceding article, &c. Nothing in that article, or any other part of the code, can give them cognizance of a case of this kind. This is a general action, in which the defendant is entitled to all the rights and privileges secured to suitors by the general provisions of the Code of Practice. Some of those rights cannot be extended to them in the Court of Probates, from the very nature of its organization. It might be said that article 596, provides a summary proceeding by which judgment can be obtained against sureties on an appeal bond, in the very court from which an appeal has been taken ; and that, thereby, jurisdiction is given to the Court of Probates, *quo ad hoc.* This provision, we think, should be understood as applying only to courts of ordinary jurisdiction. To extend it to Courts of Probate, would be to enlarge their powers by implication ; a thing which we are not prepared to do. When an adequate remedy can be obtained in the ordinary courts, by an action on the appeal bond, it is essential that courts of limited jurisdiction should move within the circle chalked out to them by law. In cases of doubt, we would be more inclined to restrain than extend their powers.

The Court of Probates *is without* jurisdiction in an action on an appeal bond, or to try a rule against the surety therein to render him liable for the judgment against his principal, although the appeal was taken from that court.

It is, therefore, ordered, that the judgment of the Court of Probates be affirmed, with costs.