## SUCCESSION OF CHAUNCEY GOODRICH—GEORGE W. COPLEY, Appellant.

A Court of Probate is competent to determine a question of title where it arises collaterally, and its examination becomes necessary to enable it to arrive at a correct conclusion on matters within its jurisdiction. As where, in an action against a curator for the amount of certain notes executed by the deceased, title to the notes is set up by a third party. In such a case, the Court of Probates will decide who is the real creditor of the succession.

APPEAL from the Court of Probates of Ouachita, *Lamy,* J.
MORPHY, J. The petition sets forth, that the estate of Chaun-

cey Goodrich is justly indebted to the petitioner, George W. Copley, in the sum of $1875, being the amount of two promissory notes executed by the deceased in favor of one Jacob M. Baker, as the consideration of a tract of land sold to him by the payee; that by virtue of a judgment obtained by the petitioner against Baker, the sheriff of the parish of Ouachita levied upon and sold the two notes, which were purchased by the petitioner on the 10th of April, 1841; that he submitted his claim for allowance to John T. Faulk, the curator of the estate, who has refused to recognize him as the lawful owner of the two notes; that the estate of the deceased has been sold by the judge of the Court of Probates, and that the proceeds have passed into the hands of the curator, who has rendered no account whatever of the same. The petition concludes with a prayer, that judgment may be rendered in his favor for $1875, with interest and costs; and that Faulk be compelled to give an account of his administration. The curator declined answering to the merits, alleging that the debt claimed does not belong to the petitioner, but to himself (Faulk) individually, as he had purchased these notes before he became the curator of the estate, at a sheriff's sale, made in 1838, by virtue of an execution from the District Court for the parish of Ouachita, in a suit which he brought against Baker, as he is ready to show in a court of competent jurisdiction. He avers that the question of title to this claim against the estate, between himself and Copley, cannot be inquired into by the Court of Probates. He prayed for the dismissal of the suit, which, having been ordered by the court, Copley has appealed.

The judge, in our opinion, erred. It is true that the Court of Probates is without jurisdiction to try directly a question of title; but, in the present case, Copley's claim is for a sum of money against an estate administered by a curator, a matter of which that court has exclusive jurisdiction. In order to decide upon the claim, the court must determine whether the petitioner, or Faulk, is the real creditor of the estate. This case comes clearly within the exception we have frequently recognized, that where a question of title arises collaterally, and an examination of it becomes necessary to enable the Probate Court to arrive at a correct conclusion on matters within its jurisdiction, such inquiry must be

gone into. 5 Mart. N. S. 217. 6 Ib. 305. 7 La. 378. 8 Ib. 469.

It is, therefore, ordered, that the judgment of the Court of Probates be reversed; that the plea to its jurisdiction be overruled; and that this case be remanded for further proceedings; the appellee paying the costs of this appeal.

*Copley*, appellant, *pro se.*

*McGuire*, contra.