Stone v. Minor.

---

## WILLIAM P. STONE *v.* WILLIAM B. MINOR.

A judgment rendered against one in another State, in an action in which the defendant, after having pleaded, withdrew his plea, is not a judgment by default, in the meaning of art. 747, of the Code of Practice, and an order of seizure and sale may be issued thereon. A judgment by default, according to the laws of this State, takes place only where the defendant has neither appeared, nor answered.

Cases which would be decided according to the laws of another State if in evidence, must, in the absence of proof of those laws, be governed by our own.

APPEAL from the District Court of Madison, *Willson,* J.

*Snyder,* for the plaintiff.

*Dunlap,* for the appellant. The judgment in Mississippi was by default, and will not support proceedings *via executiva.* Code of Practice, art. 747. To take the case out of the rule laid down by this article, there must have been a judgment on a plea, or defence. 8 La. 294. 10 Ib. 193, 220, 381. 1 Kent, 260. Under the decision in *Pillet* v. *Edgar and others,* 4 Robinson, 274, executory process cannot be issued, the foreign judgment not having been revived by *scire facias,* though more than a year had elapsed since it was rendered.

MORPHY, J. The defendant has appealed from an order of seizure and sale, rendered upon a judgment obtained by the plaintiff in the State of Mississippi. He has assigned as errors apparent upon the face of the record: 1st. That the Mississippi judgment was rendered by default, and cannot be made executory in this State, under art. 747, of the Code of Practice, but that the plaintiff must resort to an ordinary suit.

2d. That the judgment was rendered in January, 1840, and that more than one year has elapsed without any execution having been issued under it, and without its being revived by a *scire facias*.

I. From the record of the judgment obtained in Mississippi, which is part of the record before us, we cannot consider that judgment as one rendered by default within the meaning of art. 747, of the Code of Practice. The defendant, Minor, who was sued jointly with one Philip Dixon, appeared by counsel in the Circuit Court of Warren county, and made a plea equivalent to the general issue under our laws. Shortly after, the parties all appeared in court, and upon a suggestion of the death of Philip Dixon, the suit was abated as to him, and the defendant withdrew his plea, whereupon the judgment in question was entered up against the latter. This withdrawal of his plea by the defendant, and abandonment of his defence, gave the judgment rendered upon it, rather the character of a judgment by confession, than one taken by default. According to our laws, a judgment by default takes place only where there is no appearance, or answer on the part of the defendant.

II. On the second point, the record shows, that a *fieri facias* was issued on the judgment in February, 1840, and was returned, "*nulla bona*," in April following. Whether, under such circumstances, it is necessary to revive a judgment by means of a *scire facias*, we are uninformed. It would seem, that such a return repels the presumption of payment or satisfaction, which may result from the lapse of one year without any further action on the part of the judgment creditor. But be this as it may, the laws of Mississippi are not in proof before us, and we must be governed by our own laws, which consider such a judgment as being in full force. and effect until satisfied.

*Judgment affirmed.*