## John Fleming v. Lucien G. Hiligsberg and another.

The plaintiff in an action before a District Court assigned his claim therein to several creditors, notifying the defendants; other of his creditors, having obtained judgments against him, levied their executions, in the hands of the defendants, on his interest in the suit. Defendant having died pending the suit, his executors took a rule in the District Court on the assignees and seizing creditors to determine their respective ranks, and for the purpose of distributing among them the amount of the judgment which had been rendered in favor of the plaintiff, which they deposited with the clerk of the District Court: *Held,* that the amount so deposited is a debt in money due by the succession of the defendant to the assignees or seizing creditors; that the Probate Court, in which the succession of the defendant was opened, has exclusive jurisdiction to determine their rights and privileges on the sums due by the estate of the deceased (C. P. 924 §13, 983); and that the assignees or seizing creditors, though they may have submitted below to the jurisdiction of the District Court, may demand, on appeal, the nullity of the judgment of the latter, on the ground of a want of jurisdiction. C. P. 606 §3, 608. The consent of parties cannot give jurisdiction, when wanting *ratione materiæ.* It can only confer it, where mere personal rights are involved; or where a defendant is sued before another judge than the one of his domicil, and he nevertheless pleads to the merits. C. P. 93.

Appeal from the District Court of the First District, *Buchanan,* J.

Morphy, J.* This case, which was a claim on a building contract, and for extra work, was before us in July of last year, upon an appeal taken by the defendants, and the judgment of the lower court was amended so as to reduce the plaintiff's demand to $1,818 40. Pending the appeal, Hiligsberg died in the parish of St. Bernard, and his estate fell under the administration of three testamentary executors, Louis Pilié, Joseph Pilié, and Léon Bernard. It appears that the plaintiff, who was largely indebted at the time of the institution of his suit, made

---

*Martin, J., being interested in the question, did not sit on the trial of this case.

to several of his creditors assignments of his claims therein, and that these assignments were notified to the defendants. A number of creditors of Fleming, some of whom were laborers and material men, brought suit against him, and having obtained judgments, levied their executions, in the hands of the defendants, on all the right, title and interest of their debtor in said suit. Thus a conflict existed among these various claimants, each pretending to have a privilege or preference on the sum due by the estate of Hiligsberg, by reason of a seizure, or a transfer of the plaintiff's rights. The executors thought proper to take a rule in the District Court against all these parties, for the purpose of determining their respective ranks, and having a distribution made among them of the amount of the judgment in favor of Fleming, which they deposited with the clerk of that court. On a hearing of the rule, the judge below, after allowing some offsets, claimed by the defendants, ordered a *pro rata* distribution of the balance among the material men and laborers, conceiving that they had a privilege on the houses built by the plaintiff. J. A. Lacroix, one of the assignees of Fleming's claims against the defendants, moved to set aside the judgment, on the ground that the District Court was incompetent to try the issues presented by the rule, the Probate Court of St. Bernard having exclusive jurisdiction to establish the order of privileges, and mode of payment of the sums due by the estate of Hiligsberg. In case his motion should not be sustained, he moved for a new trial. Lacroix was joined by Lewis and Joseph Pilié, two of the executors. They alleged, in substance, that they were advised that the Court of Probates of the parish of St. Bernard, where the succession of Hiligsberg was opened, was the proper and only tribunal, having jurisdiction of the subject matter of the rule taken in the District Court; that the judgment rendered on the rule by the latter court would not operate as a legal release in favor of the executors for payments made under it, at least as to persons not parties to the proceedings; that by depositing money in the District Court, to be applied to the payment of Fleming, or his assigns, the executors had conferred upon them a priority they were not entitled to, as they should be paid only in due course of administration, and the ex-

ecutors may have subjected themselves to the provisions of the law of the 13th of March, 1837; and that, if the parties to the rule were bound to join in the *concurso* before the tribunal where Hiligsberg's succession was open, it was not too late to remand the cause to said court. In case the motion to set aside the judgment or dismiss the rule did not prevail, these executors moved for a new trial. The motion of Lacroix having been overruled, and a new trial refused, he took the present appeal.

The appellant, and the two executors above named, have asked of this court to annul the judgment appealed from, for want of jurisdiction in the District Court; and they rely on articles 983 and 924 of the Code of Practice. The first provides that all debts in money which are due from successions administered by curators appointed by courts, and by testamentary executors, shall be liquidated, and their payment enforced by the Court of Probates of the place where the succession was opened. Article 924, sec. 13, declares, that the Courts of Probate have exclusive power to decide on claims for money which are brought against successions administered by curators, testamentary executors, or administrators, and to establish the order of privileges and mode of payment. The amount deposited by the executors in the District Court was a debt in money due from the succession of Hiligsberg to Fleming, or rather to those who acquired his rights by assignment, or seizure. The latter must be considered as the real creditors of the estate. Hiligsberg, from the moment the transfers were notified to him, or the seizures were levied in his hands, could not have safely or legally paid the debt to Fleming, whom he could no longer consider as his creditor. Had the rule not been taken, and had the amount of the judgment not been deposited with the clerk of the District Court, it is clear that the transferrees and seizing creditors of Fleming would have been compelled to present their claims to the Probate Court of St. Bernard, which alone would have been competent to determine on their respective rights and privileges on the sum originally due by the estate to their common debtor, and to order its payment to them. If, for these purposes, the jurisdiction of the Court of Probates of St.

Bernard is exclusive, it is equally clear that payments made under the order of the District Court would not avail the executors, and protect them against the claims of other assignees of Fleming, if there be any, not known at present. The decree of the District Court ordering the distribution of these funds of the estate of Hiligsberg, if not absolutely void, is clearly voidable, and its nullity is now demanded in this court. It is objected that the parties who claim here such nullity, having submitted to the jurisdiction of the inferior court, cannot now plead its want of jurisdiction. To this it is a sufficient answer to say, that consent of parties cannot give jurisdiction to a court, when it is wanting *ratione materiæ;* but can give it only when personal rights are involved. *Dupey et al.* v. *Griffin's Executors,* 1 Mart. N. S. 201. *Kerr* v. *Kerr,* 14 La. 178. The Code of Practice, besides, after providing (article 606, sec. 3) that the nullity of a judgment may be asked when it is rendered by a judge incompetent, either owing to the amount in dispute, or to the nature of the case, further provides (article 608) that such nullity may be demanded from the court which rendered the judgment, or from the court of appeal to which the case is taken. The nullity then may be demanded in this court by either of the parties to the suit, who must necessarily have at first submitted to the jurisdiction of the court below. Article 93 of the Code of Practice presents, perhaps, the only instance where the appearance of the party cures the want of jurisdiction. It is when a defendant is not sued before the judge of his domicil, and he nevertheless pleads to the merits. Our opinion on the question of jurisdiction renders unnecessary the examination of any of the other matters presented by the record.

It is, therefore, ordered, that the judgment of the District Court be avoided and annulled; and it is further ordered, that the rule taken on the 20th of July, 1844, be dismissed, with costs in both courts.

*Delavigne,* for the appellant.

*Roselius, Bernard, Bodin, Pilié, Canon, Le Gardeur, Schmidt, Castera, Latour, Mace, Lombard, L. C. Duncan, W. S. Upton, A. Hennen, Preaux,* and *Bartlette,* for the different appellees.