# ERWIN *v.* LOWRY, Curator.

Courts of probate, under the late judiciary system, being of limited jurisdiction, could exercise no power but such as had been expressly given by statute, or was necessary to the exercise of their specified powers. Their jurisdiction could not be extended, by implication, to cases in which the ordinary tribunals afforded an adequate remedy, and which were not necessarily connected with the exercise of their acknowledged powers.

Third persons cannot intervene in an action pending before a court of probates, against the curator of a succession, to enforce the payment of notes secured by mortgage on the property of the deceased, for the purpose of establishing their right to the notes and mortgage, and of causing the proceeds of the property to be applied to their claim. The court has no jurisdiction of the question of the ownership of the claim; its determination not being necessary in order to ascertain the amount due by the succession.

APPEAL from the Court of Probates of Madison, *Downes*, J.
*Amonett* and *Dunbar*, for the plaintiff. The Court of Probates was without jurisdiction, of the matter presented by the petition of intervention. Code of Pract. arts. 924 § 13, 983, 984, 986, 392, 389. *Gill* v. *Phillips*, 6 Mart. N. S. 304. *Lawson* v. *Ripley*, 17 La. 284. *Copley* v. *Faulk*, 3 Rob. 100. The question, as one of fraud, should be tried by a jury, before a court of ordinary jurisdiction. *Casanova* v. *Acosta*, 1 La. 183. *Lessassier* v. *Lessassier*, 15 La. 55. *Curtis* v. *Curtis*, 3 La. 519.

*Shaw*, for the intervenors. The intervention was properly brought before the court in which the principal action was pending. Code of Pract., art. 392. *Succession of Goodrich*, 3 Rob. 100.

*H. A. Bullard*, on the same side. The jurisdiction of the Court of Pro-

bates in relation to the intervention, is unquestionable. It has exclusive power to decide on claims against estates administered under its authority. If two persons claim the same debt upon the *tableau*, the court must necessarily decide. It is not even necessary to resort to the incidental powers of that court; but if it were, numerous decisions establish it. The Probate Court may even try a question of title to land, when necessary to arrive at a just conclusion upon matters of which it has cognizance. *Baillio* v. *Wilson*, 5 Mart. N. S. 217. *Gill* v. *Phillips*, 6 Mart. N. S. 305. So the character of sales made for the benefit of persons incapable, may be enquired into. *McCaleb* v. *McCaleb*, 8 La. 466. 7 La. 878. 12 La. 214. See also *Ripley's* case, 17 La. 238. But the question of jurisdiction is no longer important, the Probate Court having been merged, by the new constitution, into a court of universal jurisdiction, to which, for any ulterior proceedings, this case must be remanded.

*Stacy* and *Sparrow*, for the defendant.

The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff, in 1842, instituted suit in the Court of Probates of the parish of Madison against the defendant, curator of the succession of *McNeil*, on two notes, drawn by the deceased, and secured by mortgage on certain lands and slaves. The plaintiff was non-suited at the trial, and, on an appeal, the non-suit was set aside, and it was decreed that the notes sued on be set down and admitted as a valid and legal mortgage claim against the estate administered by the defendant, and that the same be paid in due course of administration. 6 Rob. 29.

Under the mandate of the Supreme Court, the plaintiff filed his petition, in which he prayed for the sale of the unsold part of the mortgaged property, and that, as a portion of it had been sold, the proceeds thereof be applied to the extinguishment of the judgment. The defendant, in answer to this petition, alleged, as a defence, various matters touching the right of the plaintiff to the notes, and also others which the succession had a direct interest in establishing. In this stage of the proceedings, a petition of intervention was filed by the commissioners of the late Merchants' Bank of New Orleans, in which they claim the notes, mortgage and judgment, as the sole property of the bank, adversely to the parties, *Erwin* and the curator, praying that it be so adjudged that they be recognized as creditors for the amount, that the mortgaged property be sold, and the proceeds applied to the payment of the debt. The defendant, in answer to the petition of intervention, makes no issue thereon, but submits the matters in controversy to the decision of the court, on the evidence to be advanced by the respective parties to said suit. There was no *concurso* formed, nor was any tableau of distribution presented. There was judgment in favor of the intervenors; the petition of the plaintiff was dismissed, and he has appealed. An appeal was also granted to the defendant.

Before the plaintiff answered to the merits of the petition of intervention, he filed a plea to the jurisdiction of the Court of Probates, which was overruled. This plea has been fully argued at bar, and must be disposed of before we are permitted to adjudicate on any of the subjects which this case presents. Under the former judiciary system, Courts of Probates had no jurisdiction, except in cases to which the statutes extended it. They had exclusive jurisdiction in certain cases; but, being courts of limited jurisdiction, they could exercise no power not expressly given them by statute. *Henry* v. *Keys et ux*, and cases cited, 12 La. 218. The only principle on which the jurisdiction has ever been

ERWIN<br><i>v.</i><br>LOWRY.

held to be extended by implication, to cases other than those enumerated in the Code of Practice, is that the exercise of the power was necessary to carry into effect its special powers, and to enable the court to decide matters within its jurisdiction. *Lawson et ux* v. *Ripley*, 17 La. 249. By sect. 13, of art. 924 of the Code of Practice, Courts of Probates have exclusive jurisdiction over all claims for money against successions under administration, and to establish the order of privileges and the mode of payment. This jurisdiction cannot be extended by implication to cases in which the ordinary tribunals afford an adequate remedy, and which are not necessarily connected with the exercise of acknowledged specified powers of the court. *Elkins* v. *Berry*, 15 La. 359. Two cases are relied on to support the jurisdiction of the court. *Copley* v. *Faulk*, 3 Rob. 100, and *Fleming* v. *Hiligsberg et al.*, 11 Rob. 77. These cases we do not consider as changing, in any respect, the decisions of the Supreme Court since 1825. In the case of *Copley*, on the contrary, the principle which runs throughout the whole, and which we have noticed, is fully recognized. The case of *Fleming* involved a question of privilege on which the court had power to adjudicate.

It is not necessary, in order to adjudicate on the amount due by the succession on these notes, for a court to take cognizance of, or even to notice, the matters in litigation between the plaintiff and intervenors; on the contrary, to cumulate them in the same suit, before the same court, only tends to embarrass the succession in its proceedings, and protract its litigation. The Court of Probates had jurisdiction to determine all matters neccessarily connected with the existence of the debt itself, or which affect the claim, so far as the interest of the succession is concerned; but as to matters between the parties relating to the ownership of the debt, in which the succession can have no concern, that court was without jurisdiction. The Court of Probates had jurisdiction over every matter of defence set up against the owner of the claim, but has no power to determine between the parties, on the matters in issue as to which of them it belongs: this appertains exclusively to the ordinary tribunals. Nor aught this fact to have authorized any delay in the liquidation of the succession. It is of every day occurrence, that dividends in insolvent estates are reserved to await the result of litigation.

But it is urged, by the learned counsel for the intervenors, that this question of jurisdiction is no longer important, as the Court of Probates is merged by the constitution into a court of general jurisdiction. It is true that it belongs to the past, and we have considered it in reference to a course of decisions which can never operate upon cases which are hereafter to originate. The question is not the less important for that reason, for it involves the right of trial by jury in a case in which the reputation of the plaintiff is deeply involved, of which the exercise of this jurisdiction by the Court of Probates has deprived him. The charge against him is that of fraud in obtaining the notes, on which, it has been well said, it is peculiarly the province of a jury to decide. We can scarcely conceive of a question of graver moment than this, which can come before a court, whether a citizen, in an accusation of this kind, shall have the judgment of a single judge, or that of a jury of his fellow citizens?

Under the judicial system, as it is at present organized, we cannot anticipate any impediment to a just termination of this litigation, in which so much excitement has been called forth. We refrain from remarking on several matters which have occurred in the proceedings, which, in an ordinary case, we should

certainly notice, because we desire to abstain from the expression of an opinion which may be considered as applying to any of the parties who have been connected with them, lest it should have an indirect bearing on the result of the cause which we may have to determine in the last resort.

ERWIN
*v.*
LOWRY.

The judgment of the court below is therefore reversed and annulled, and the case remanded to the District Court of the tenth district, for further proceedings ; the appellees paying the costs in both courts.