## MINOR v. STONE.

The execution of a judgment cannot be enjoined, on grounds which might have been urged as a defence to the original action.

On the trial of an injunction obtained to arrest the execution of a judgment of the Supreme Court, the judgment itself forms a part of the record which the judge is bound to notice. It is not necessary that it should be formally introduced in evidence.

APPEAL from the District Court of Madison, *Curry*, J. *Bemiss* and *Thomas*, for the appellant. *Snyder*, for the defendant.

The judgment of the court was pronounced by

SLIDELL, J. This appeal has been taken by the plaintiff from a judgment dissolving an injunction with interest upon the amount enjoined, and damages. The defendant held a judgment against *Minor*, rendered in the State of Mississippi, upon which he obtained an order of seizure and sale in this State. From this order *Minor* appealed, and the judgment was affirmed by the late Supreme Court. 6 Rob. 29. While *Minor* was proceeding to execute this judgment, the plaintiff obtained an injunction, alleging that the order of seizure and sale had been granted on a judgment rendered in the State of Mississippi by default; that the consideration of the note upon which the judgment was rendered in Mississippi, had failed; that, by the laws of that State, where the note was made and the judgment rendered, he was not concluded from still pleading against it all equities and failures of consideration; and that he could also still avail himself of the same defences against the holder of the note, which he could have opposed to the payee, previous to notice of its transfer. The de-

---

fendant moved to dissolve the injunction, with twenty per cent damages, teñ per cent interest on the amount enjoined, and $300 as special damages, on the ground, among others, that the matter in controversy had been already finally adjudicated upon, and formed *res judicata* between the parties.

The judge below dissolved the injunction, and condemned the plaintiff and his sureties, *in solido*, to pay $1,000, the amount of the injunction bond; and further decreed that, the defendant should recover from the plaintiffs such additional sum as would make twenty per cent damages, and eight per cent interest on the amount of the judgment enjoined. It is well settled, by a series of decisions, that defences of which the party could have availed himself in the suit, cannot subsequently form the ground of an injunction against the execution of the judgment. The plaintiff's petition discloses the existence, before the rendition of the judgment, of all the matters which are alleged as defences against the claim of the plaintiff in the original action. It is not competent to the party to re-open the case, for the purpose of opposing them a second time. 8 La. 101, 271. 6 Rob. 165.

It is contended that, the mandate of this court in the case of *Stone* v. *Minor*, was not offered in evidence in the court below, and was only read on the trial as a matter of judicial history. It was not necessary that it should have been formally introduced. It was the judgment, the execution of which was the subject of complaint, and formed a part of the record which the judge was bound to notice. The injunction was, in our opinion, properly dissolved.

The act of 1831 authorises courts, upon the dissolution of injunctions, to condemn the plaintiff and his sureties, *in solido*, to pay ten per cent interest on the judgment enjoined, and not more than twenty per cent damages, unless damages to a greater amount be proved. There was no proof offered upon the trial below of special damages sustained; and there is nothing in the circumstances which shows that the judge below exercised improperly the discretion vested in him by law, in assessing the general damages.

It is therefore ordered that the judgment of the District Court be affirmed, and that said defendant recover of the plaintiff and his sureties in the injunction bond, *John H. Minor* and *Thomas C. Williams*, *in solido*, $1,000, the amount of the injunction bond; and it is further decreed that the defendant recover of the plaintiff such further sum, as added to said $1,000, will make twenty per cent on the amount of the judgment enjoined, to wit, on the sum of $5013 97, and eight per cent interest on said judgment enjoined.