## PALMER v. MOORE.

A bankrupt discharged under the act of Congress of 19 August, 1841, who wishes to avail himself of his certificate, must plead it specially.

A bankrupt who has failed to plead his discharge under the act of Congress of 19 August 1841, in defence to an action against him, cannot avail himself of it as a means of arresting, by injunction, the execution of the judgment against him.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Johnson,* for the plaintiff. *Stockton* and *Steele,* for the appellant. The judgment of the court was pronounced by

KING, J. In April, 1842, a suit was instituted by *Stevens* against *Wellington*, for the recovery of a slave. *Wellington* called in warranty his vendor *Palmer*, who is the plaintiff in this action. *Palmer* was regularly cited, but made no appearance. Defaults were taken against him both by the plaintiff in the action, and by *Wellington*, the vendee, the first in March, 1844, and the second in February, 1845. The case came before this court in May, 1846, when a final judgment was rendered against *Wellington* for the delivery of the slave, and in favor of *Wellington* against his warrantor, *Palmer*, for $500, the price of the slave. 1 Ann. Rep. p. 72. The present defendant, *Joseph H. Moore*, subsequently purchased, at a sheriff's sale, the judgment obtained by *Wellington* against *Palmer*, and caused a *fieri facias* to issue thereon, the execution of which *Palmer* has enjoined in this action, on the ground that the debt for which the execution issued existed previous to his discharge in bankruptcy. On this ground the injunction was maintained in the court below, and the defendant has appealed.

It appears that *Palmer* commenced his proceedings in bankruptcy on the 5th of August, 1842, and received his certificate of discharge on the 20th May, 1844, prior to the rendition of the first judgment against him, and indeed prior to the entry of the second default. His obligations as warrantor arose before he applied to be discharged as a bankrupt, and nothing before us shows that *Wellington*, to whose rights *Moore* has succeeded, figured on his schedule as a creditor, or had notice of his proceedings in bankruptcy. This discharge is relied on by the plaintiff as a complete bar to the debt. *Moore*, the present defendant, contends that *Palmer* could only have availed himself of his discharge in bankruptcy by pleading it in bar of the original action, and this is the only question which the case presents.

The english rule appears to be settled that, a bankrupt who intends to avail himself of his certificate, will be required to plead it specially. 12 East. Rep. p. 667. 1 Chitty's Pleading, p. 473. The necessity for pleading it under our system is equally imperative. The debtor, as has been correctly urged by the appellant's counsel, is not more completely relieved by the effect of his discharge in bankruptcy, than he would be by an actual payment, which entirely extinguishes the debt. Yet in order to avail himself of the payment as a defence, it must be specially pleaded before final judgment. For by our settled jurisprudence an injunction will not issue to arrest an execution on grounds that might have been pleaded in defence before judgment. 1 Ann. Rep. 284. 8 La. 101. The plaintiff having failed to plead his discharge in defence in the original suit, cannot now avail himself of it as a means of arresting the execution of the judgment against him.

It is therefore ordered that the judgment of the District Court be reversed. It is further ordered that the injunction obtained by the plaintiff be dissolved; the plaintiff paying the costs of both courts.