DE LATOUR v. LALA

(December 16, 1929. Opinion and Decree.)

H. W. Kaiser and J. H. Hammel, Jr., of New Orleans, attorneys for plaintiff, appellant.

James G. Schillin, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff entered suit on March 8, 1927, on an open account alleged to have been contracted by defendant on January 8, 1925, in the sum of $385.95. Defendant, after answering categorically the allegations of plaintiff's petition, by way of further defense averred that on March 26, 1926, in the proceeding No. 3116 of the docket of the United States District Court for the Eastern District of Louisiana, he had obtained a discharge in bankruptcy, the effect of which was to release him from plaintiff's claim.

On the trial of the case, defendant admitted having incurred the indebtedness sued on. His counsel introduced a copy of his discharge in bankruptcy, whereupon plaintiff's counsel attempted to prove that plaintiff's debt was not affected by the discharge in bankruptcy, because it was a liability incurred by false pretenses and false representations, and therefore, under section 17 of the Bankruptcy Act, as amended by Act of February 5, 1903 (U. S. Comp. St. sec. 9601), it was not included among the provable debts for which his discharge was a release. The section of the Bankruptcy Act referred to reads as follows:

"Sec. 17. **Debts not Affected by a Discharge.**—(a) A discharge in bankruptcy shall release a bankrupt from all his debts, except such as (1) * * *; (2) are liabilities for obtaining property by false pretenses or false representations. * * *" 11 USCA sec. 35.

On objection, the testimony sought to be adduced in support of plaintiff's contention was excluded upon the ground that there was no allegation in plaintiff's petition to which the proof sought to be administered was responsive.

The court thereupon proceeded to render judgment in defendant's favor upon the ground that his discharge in bankruptcy released him from liability to plaintiff.

It is an elementary principle of pleading that the allegata and probata must correspond, and that, in the administration of proof, the parties offering the evidence must be confined to the allegations of their pleadings. But there is nothing in the principle referred which requires the pleader to anticipate defenses and set up "men of straw" for the purpose of knocking them down. Our system of pleading does not require or permit replication. The plaintiff is presumed to deny the affirmative allegations of defendant's answer, and when, as in this case, a special defense is made, there is no necessity resting upon the plaintiff to expressly challenge the facts upon which it is based. He is presumed to have denied them.

In West v. McConnell, 5 La. 424, 25 Am. Dec. 191, it was held that "it is unnecessary for a party to specially plead matters which may or may not become material according to the course which his adversary may adopt." In Dyer v. Seals, 7 La. 132, the court said:

"The plea in reconvention, authorizes the plaintiff to give in evidence the value of the work done for which he

sues, to repel the demand for damages against him for the non-performance of his contract."

In the case at bar there was no necessity for plaintiff to allege that his debt was excepted from the obligations of defendant released by his discharge in bankruptcy. In the first place, he could not know that defendant would plead his discharge as a bar to his suit, and was under no obligation to anticipate such defense. The defendant having tendered the issue of his discharge under the bankruptcy law, the plaintiff was entitled to repel the effect of such discharge by showing that his debt was excepted therefrom.

In the Louisiana Digest, vol. VI, verbo, "Pleading," on page 15 we find the following:

"One who accepted a mortgage, though merely pro forma, becomes a party to the act, and is bound by recitals therein contained affecting his interests; and a plaintiff suing for the enforcement of such mortgage need not set up the estoppel in his petition, since one is not bound to allege matters the materiality of which depends upon the possible plea of his opponents. (West v. McConnell, 5 La. 427; Reinach v. Improvement Co., 50 La. Ann. 497 (23 So. 455), cited)." Lafourche Tran. Co. v. Pugh, 52 La. Ann. 1517, 27 So. 958.

Our conclusion is that the action of the trial court in excluding the evidence sought to be administered by plaintiff was erroneous.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceedings according to law, and consistent with the views herein expressed.