ELLIS, Judge.
This matter is before us on appeal from a judgment of the trial court dismissing plaintiff’s suit on an exception of no right of action. Plaintiff filed a petition below for a money judgment against defendants as makers of a certain promissory note. Defendants filed peremptory exceptions of no cause'and no right of action, alleging that the debt sued on was discharged in a bankruptcy proceeding. The trial court overruled the exception of no cause of action, maintained the exception of no right of action and granted plaintiff ten (10) days to amend. Plaintiff refused to amend on the ground that no amendment was necessary and judgment of dismissal followed.
In our opinion both exceptions should have been overruled. Article 1005 of the Code of Civil Procedure makes it clear that discharge in bankruptcy is an affirmative defense which must be specifically pleaded in the answer. That article provides in part that:
“The answer shall set forth affirmatively * * * discharge in bankruptcy,' * * * and any other matter constituting an affirmative defense.”
Whether or not a particular debt has been discharged, therefore, is not a proper subject for an exception.
The case of De Latour v. Lala, 12 La. App. 341, 125 So. 138, followed the rule and articulated the reason for it. In that case the plaintiff appealed from a refusal of the trial court to admit evidence offered for the purpose of showing the debt sued upon was not discharged in bankruptcy. The court’s refusal to hear the evidence was grounded on the fact that no allegation of false pretenses or false representations in contracting the debt were contained in the petition.
We quote from that opinion with approval as follows:
“It is an elementary principle of pleading that the allegata and probata must correspond, and that, in the administration of proof, the parties offering the evidence must be confined to the allegations of their pleadings. But there is-nothing in the principle referred which requires the pleader to anticipate defenses and set up ‘men of straw’ for the purpose of knocking them down. Our system of pleading does not require or permit replication. The plaintiff is presumed to deny the affirmative allegations of defendant’s answer, * *
t- * * * =¡= *
“In the case at bar there was no necessity for plaintiff to allege that his debt was excepted from the obligations of defendant released by his discharge in bankruptcy. In the first place, he could not know that defendant would plead' his discharge as a bar to his suit, and was under no obligation to anticipate such defense.”
We cannot agree with defendants’ contention that Miller v. Chandler, 29 La. Ann. 88, established an absolute bar to any suit to enforce an obligation existing prior *317 to bankruptcy. That case merely recognized the nature of the proof required of -a defendant to establish the fact of his discharge. A discharge in bankruptcy operates only with reference to a person’s discharge-able debts.' Whether or not a particular debt is in fact'discharged is a matter which can be determined by state courts.
Nor does the case of Breaux v. Laird, 230 La. 221, 88 So.2d 33, support defendants’ second contention that by failure to amend the petition plaintiff has abandoned or waived any right he had to proceed against the defendants.
The decision of the trial court maintaining the exception of no right of action is reversed and this case is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.