193 So.2d 280 (1966)
Cecil EARL et ux., Plaintiffs-Appellants,
v.
LIBERTY LOAN CORPORATION OF WEST MONROE, INC., Defendant-Appellee.
No. 10722.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1966.
Rehearing Denied January 4, 1967.
*281 Joseph S. Guerriero, Monroe, for appellants.
Jones, Blackwell, Chambliss & Hobbs, West Monroe, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This is an action to annul a judgment allegedly obtained through fraud. The basis of this contention is that defendant instituted an action upon plaintiffs' promissory note and chattel mortgage and proceeded to judgment, notwithstanding that plaintiffs had been adjudicated in bankruptcy and had been granted discharges from all their provable debts, including the obligation sued upon. From an adverse judgment, plaintiffs prosecute this appeal.
It may be appropriate to first note that the title of this cause has been reversed from that shown in the trial court so as to place the plaintiffs and defendant in proper perspective and to avoid confusion which may result from the erroneous incorporation of the present action into the record of the action wherein the judgment here attacked was obtained.
No issue is presented as to the facts. Plaintiffs, husband and wife, were adjudicated bankrupts November 2, 1964. Among liabilities listed was a note executed and signed by plaintiffs dated January 4, 1963, and held by defendant. This obligation was secured by a chattel mortgage on certain household goods and appliances upon which there was owing, at the time of plaintiffs' adjudication, the sum of $344.37 in principal. Defendant asserted and made proof of its claim on this obligation in the bankruptcy proceedings. The trustee in bankruptcy, however, disclaimed any interest in the property covered by the chattel mortgage and defendant was accordingly relegated to an action in the State court for the exercise of its rights.
Plaintiffs, on January 7, 1965, were granted discharges from all of their provable debts. Thereafter, on May 26, 1965, an action upon the note and chattel mortgage was instituted by defendant against plaintiffs. Although service and citation were had upon them, plaintiffs made no appearance in court and accordingly urged no defense to defendant's demands. On June 4, 1965, judgment was rendered in favor of the defendant herein for the balance due on the note with recognition of its chattel mortgage. The property mortgaged was ordered seized and sold, and the proceeds were directed to be paid to the creditor by preference and priority.
The facts thus establish that the judgment was obtained in an action instituted subsequent to the debtors' discharge in bankruptcy and upon an obligation constituting a debt provable in the bankruptcy proceedings. As noted, however, the obligors made no defense to the action instituted against them.
The rule is well established in this State that a discharge in bankruptcy does not effect a payment or extinguishment of the obligations discharged. Such a discharge serves merely as a bar to their enforcement by legal proceedings. Palmer v. Moore, 3 La.Ann. 208 (1848); Ludeling v. Felton, 29 La.Ann. 719 (1877); Serra E Hijo v. Hoffman & Co., 30 La.Ann. 67, 68 (1878); Bernhardt v. Curtis, 109 La. 171, 33 So. 125, 94 Am.St.Rep. 445 (1902); Gumina v. Dupas (La.App.) 178 So.2d 291 (4th Cir. 1965writ refused); Home Finance *282 Service Washington Parish v. Taylor (La.App.) 187 So.2d 778 (1st Cir. 1966).
This rule is in accord with the principles prevailing generally. For instance, the rule has been stated as follows:
"A discharge in bankruptcy is neither a payment nor an extinguishment of a debt, nor does it free the bankrupt from all traces of the debt as though it had never been incurred. It is merely a bar to the enforcement of a discharged debt by legal proceedings. It is a complete and valid defense to the enforcement of the debt as a personal obligation, provided it is properly pleaded; but it neither destroys the debt nor supplants the moral obligation to pay."
9 Am.Jur.2d Bankruptcy § 750, p. 560.
See, also: 8B C.J.S. Bankruptcy § 559, pp. 19-20; Helms v. Holmes (4th Cir.) 129 F. 2d 263, 141 A.L.R. 1367 (1942).
The statutory rule in this State is that a discharge in bankruptcy constitutes an affirmative defense to an action upon a provable obligation so discharged and must be specially pleaded. LSA-C.C.P. Art. 1005. This statutory rule accords with prior jurisprudence (Palmer v. Moore, supra, and Ludeling v. Felton, supra) and has been uniformly followed in subsequent cases. Gumina v. Dupas, supra; Home Finance Service Washington Parish v. Taylor, supra.
This rule, with reference to the requirement that a discharge in bankruptcy must be specially pleaded in bar of an action upon an obligation discharged in bankruptcy, accords with the rule prevailing generally in other jurisdictions.
As stated in Helms v. Holmes, supra, rules prevail in both federal and state courts to the effect that a discharge in bankruptcy must be pleaded in order to be available as a defense and since such plea is personal to the bankrupt it is considered waived if he does not choose to avail himself of it, and, moreover, one who fails to plead his discharge in bankruptcy in an action on a debt so discharged is not entitled to have a subsequent default judgment vacated. See, also: 8B C.J.S. Bankruptcy § 584 a, pp. 138-141.
Plaintiffs' action, as heretofore observed, is predicated upon the assumption that the institution of an action upon an obligation discharged in bankruptcy and the proceeding to judgment thereon constitutes fraud. Plaintiffs' position is, in this regard, untenable, for, as already pointed out, a discharge in bankruptcy is simply an affirmative defense which must be specially urged by the bankrupt in an action against him. Upon his failure to make such a defense, the judgment cannot be subsequently attacked as null and void by reason of his discharge in bankruptcy. Moreover, defendant may not be properly charged with fraud in pursuing a legally authorized course of action.
For the reasons assigned, the judgment appealed is accordingly affirmed at plaintiffs-appellants' costs.
Affirmed.