205 So.2d 771 (1967)
HOUSEHOLD FINANCE CORPORATION OF BATON ROUGE, Plaintiff-Appellee,
v.
Loretta C. LEJEUNE, Defendant-Appellant.
No. 7205.
Court of Appeal of Louisiana, First Circuit.
December 19, 1967.
Rehearing Denied January 29, 1968.
Writ Granted March 8, 1968.
*772 Neal N. Bagwell, White Castle, for appellant.
James H. Hynes, Baton Rouge, for appellee.
Before LANDRY, REID and BAILES, JJ.
BAILES, Judge.
This is an appeal by Loretta C. Lejeune, defendant-appellant, from an adverse judgment of the trial court refusing to enjoin the plaintiff, Household Finance Corporation of Baton Rouge (Household), from proceeding with garnishment proceedings against Southern Bell Telephone and Telegraph Company, employer of Mrs. Lejeune.
Briefly stated, the background facts are the following: Loretta C. Lejeune and Roland J. Lejeune, as co-makers, issued a promissory note on October 10, 1962, of which Household was a holder in due course. In September, 1963, appellant and Roland J. Lejeune (who is alleged to be her husband) filed a petition in bankruptcy and subsequently both were adjudged bankrupts. On November 26, 1963, both were granted discharges. In March, 1964, Household instituted suit against Loretta C. Lejeune only on the promissory note, took a preliminary default in April, 1964, which was confirmed the following month. Thus far in the proceeding no appearance had been made by Mrs. Lejeune. Thereafter, garnishment proceedings were instituted *773 by Household against Southern Bell under a writ of fi. fa. issued on the judgment against Mrs. Lejeune.
At this time, Loretta C. Lejeune, as plaintiff in rule, filed a petition, styled "Petition of Nullity, Restraining Order and Injunctive Relief," alleging the discharge in bankruptcy as a bar to execution on the default judgment and requesting injunctive relief to prevent irreparable injury, loss and damage. Plaintiff in rule was joined in this petition by Roland J. Lejeune, as third party in a third party action, who, in praying for injunctive relief, pleaded that the judgment taken solely against his wife, Loretta C. Lejeune, could not be executed out of her earnings since these earnings would form part of the community of acquets and gains and not part of her separate estate.
At the hearing on the rule before the court a quo, counsel for the plaintiff in rule and the third party argued that the case of Louisiana Machinery Company, Inc. v. Passman (La.App.), 158 So.2d 419, was authority for the proposition that a discharge in bankruptcy need not`be asserted as an affirmative defense in a suit on an obligation previously discharged but could be invoked to bar enforcement of the judgment obtained; that such a judgment is a nullity because the obligation upon which it is based was previously discharged in bankruptcy; that in filing suit on a debt subsequent to its discharge in bankruptcy petitioner must allege facts sufficient to bring the debt within the scope of one of the exceptions of the bankruptcy law, in the instant case, Section 17 Bankruptcy Act, 11 U.S.C.A. § 35(a) (2), which states, "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representation * * *" since under our procedural law fraud must be specially pleaded; and, finally, that since the wages of the wife living with her husband fall into the community existing between them, these earnings cannot be subjected to garnishment to enforce a judgment obtained against her personally.
The trial court requested briefs and the case was submitted and taken under advisement. On March 20, 1967, the court rendered judgment refusing the rule for permanent injunction, dissolving and setting aside the preliminary writ of injunction previously issued and dismissing the demands of the plaintiff in rule, Mrs. Loretta Lejeune, at her costs.
In his written reasons for judgment, the judge a quo held that discharge in bankruptcy must be pleaded as an affirmative defense in a subsequent suit on the discharged obligation or the bankrupt was barred from asserting it against the enforcement of the judgment, and, that since discharge is an affirmative defense it need not be anticipated by a petitioner.
In briefs and on oral argument counsel for both appellant and appellee presented the same contentions urged below. They argued the question of the right to garnish a wife's earnings for a personal obligation, but this question is not before the court. The judgment below only determined the rights of the plaintiff in rule and was silent as to the demands asserted in the petition of the third party, Roland J. Lejeune. As no judgment has been signed adjudicating the demands of the third party plaintiff, the third party to this action is still before the court a quo. The questions raised by this appeal are only those relative to the parties before this court, i. e., the plaintiff and defendant in the main demand.
Three questions are raised by this appeal. First, may a judgment debtor enjoin the enforcement of a judgment, obtained by her creditor upon confirmation of a default, by asserting a discharge of the debt in bankruptcy obtained prior to the filing of the suit? Secondly, is a judgment by default rendered on an obligation subsequent to its discharge in bankruptcy, the discharge thereof being within the knowledge of the petitioner at the time of filing *774 suit, a nullity? And finally, must one, who files suit on an obligation which has been discharged in bankruptcy, the fact of discharge being within the knowledge of the petitioner, allege facts in his petition sufficient to bring the debt within one of the exceptions of the debts not released by a discharge in bankruptcy?
It is a well established rule in our jurisprudence that a bankrupt must affirmatively plead the defense of discharge in an action instituted against him subsequent to discharge.
"The English rule appears to be settled that, a bankrupt who intends to avail himself of his certificate, will be required to plead it specially. 12 East.Rep. p. 667. 1 Chitty's Pleading, p. 473. The necessity for pleading it under our system is equally imperative. The debtor, * * *, is no more completely relieved by the effect of his discharge in bankruptcy than he would be by an actual payment, which actually extinguishes the debt. Yet in order to avail himself of the payment as a defense, it must be specially pleaded before final judgment. For by our jurisprudence an injunction will not issue to arrest an execution on grounds that might have been pleaded in defense before judgment. (Beaumon v. Thomas) 1 [La.] Ann.Rep. 284. (Garlick v. Reece) 8 La. 101. The plaintiff having failed to plead his discharge in defense in the original suit, cannot now avail himself of it as a means of arresting the execution of the judgment against him." Palmer v. Moore, 3 La. Ann. 208, at 209, (1848).
In a line of cases beginning with the Palmer v. Moore decision, supra, our courts have consistently held that discharge in bankruptcy is neither payment nor extinguishment of the debts discharged; it is simply a bar to their enforcement by legal proceedings, a personal defense which under LSA-C.C.P. Art. 1005 is affirmative and must be set forth in the answer. See, Ludeling v. Felton, 29 La.Ann. 719 (1877), Serra é Hijo v. Hoffman and Co., 30 La. Ann. 67 (1878); Bernhardt v. Curtis, 109 La. 171, 33 So. 125 (1902); Gumina v. Dupas (La.App.), 178 So.2d 291 (1965); Home Finance Service Washington Parish, Inc. v. Taylor (La.App.), 187 So.2d 778 (1966); Earl v. Liberty Loan Corporation of West Monroe, Inc. (La.App.), 193 So. 2d 280 (1966).
The necessity to plead a discharge in bankruptcy affirmatively is based on sound policy. A discharge operates only on those debts which under the provisions of the Bankruptcy Act are dischargeable. A creditor may establish one of the exceptions to release of the debt by discharge either in the bankruptcy proceedings or, later, in an appropriate state court. To permit a debtor to urge the discharge of the debt at any time after judgment could effectively deprive the judgment creditor of his opportunity to prove that the debt was excepted from the discharge since the judgment debtor could enjoin public officials from executing the judgment by asserting the discharge without making the judgment creditor a party. See Public Finance Corporation of Lafayette, Inc. v. Vice (La.App.), 177 So.2d 315, where exceptions of no cause or right of action based on a discharge were overruled because it deprived the creditor of his right to show the debt was excludable.
Finally, since appellant has relied principally on the case of Louisiana Machinery Company, Inc. v. Passman, (La. App.), 158 So.2d 419, it should be noted that that case is factually distinguishable from the case at bar. There, suit was filed after the adjudication of bankruptcy and the default judgment obtained before the discharge. Later, in an action to revive the judgment the bankrupt asserted his discharge as a bar. The court, in recognizing the discharge as a bar to revival of the judgment, held in effect, that the bankrupt did not have to plead adjudication in the original suit, but was only required to plead his discharge when the *775 judgment was sought to be enforced against him since the bankrupt had no opportunity to plead discharge before judgment. In the instant case, appellant had the opportunity to plead her defense before judgment and in failing to do so, without apparent reason, effectively waived and relinquished her right to this personal defense.
Having failed to plead her discharge, appellant seeks to have the judgment declared a nullity. In instituting suit on an obligation previously discharged in bankruptcy, a creditor is within his legal rights since discharge does not extinguish the obligation on which the judgment would be based but merely establishes a bar to its enforcement by legal proceedings, if properly pleaded. Helms v. Holmes, 4th Cir., 129 F.2d 263, 141 A.L.R. 1367; and cases cited supra.
The grounds for nullity enumerated in LSA-C.C.P. Art. 2001 et seq., are exclusive. Willoz v. Veterans Acceptance and Thrift, Inc., (La.App.), 188 So.2d 186, 187; and cases cited therein. A petition seeking to annul a judgment on the grounds of fraud, misrepresentation or ill practice must clearly allege facts from which such elements may be unmistakably concluded in order to state a cause of action. Horney v. Scott, (La.App.), 171 So. 172. No allegations, other than the fact that appellee took a default judgment after the discharge of appellant, with full knowledge thereof, were made by appellant. In Earl v. Liberty Loan Corporation of West Monroe, Inc., (La.App.), 193 So.2d 280, at 282, the court stated:
"Plaintiffs' action * * * is predicated upon the assumption that the institution of an action upon an obligation discharged in bankruptcy and the proceeding to judgment thereon constitutes fraud. Plaintiffs' position is, in this regard, untenable, for, as already pointed out, a discharge in bankruptcy is simply an affirmative defense which must be specially urged by the bankrupt in an action against him. Upon his failure to make such a defense, the judgment cannot be subsequently attacked as null and void by reason of his discharge in bankruptcy. Moreover, defendant may not be properly charged with fraud in pursuing a legally authorized course of action."
Finally, appellant contends that in its suit against her, the appellee should have affirmatively alleged facts bringing the debt within one of the exceptions to release by discharge in bankruptcy established in the Act. This contention, of course, is clearly without merit. The appellee was not required to anticipate appellant's defense of discharge. LSA-C.C.P. Art. 852; De Latour v. Lala, 12 La.App. 341, 125 So. 138; Liberal Finance Gentilly, Inc. v. Brister, (La.App.), 152 So. 2d 331; Public Finance Corporation of Lafayette, Inc. v. Vice, supra.
For the foregoing reasons, the judgment appealed from is affirmed. Appellant is cast for all court costs.
Affirmed.