## No. 557.

### JOHN T. LUDELING VS. MARY H. FELTON AND HUSBAND.

A discharge in bankruptcy, like prescription, does not expunge, but merely bars the recovery of debts, and if not specially pleaded, will not be noticed.

Neither a decree of separation of property, nor her husband's discharge in bankruptcy, will relieve the widow from liability for one half the community debts, should she accept the community.

The widow who sells a part of the community property for her own benefit, thereby accepts the community.

The liability of the widow for her share of community debts is prescribed in ten years from her acceptance of the community.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J.

*C. T. Dun*, for plaintiff and appellant.

*Todd & Brigham*, for defendant.

The opinion of the court was delivered by

SPENCER, J. This suit is against the defendant to make her liable for the debt of her former husband, James G. Felton, upon the ground alleged that she had accepted the community which it was stated existed between her and Felton at the time of his death, by using and disposing of the community property.

The answer contained in substance:

First—A general denial.

Second—An allegation that previous to Felton's death, defendant had obtained against him, in 1869, a judgment separating them in property and dissolving the community.

Third—That Felton became a bankrupt in 1868 and surrendered what little property he had in bankruptcy. And that at his death he left no estate whatever.

Fourth—It was alleged that no legal judgment was ever rendered against Felton in favor of plaintiff as alleged. That after his surrender he was never legally represented in the proceedings.

Fifth—That after Felton's death, she had made a declaration before the recorder showing the above facts in regard to Felton leaving no estate and no property, and the previous dissolution of the community,

with a view of relieving herself of any suspicion of having accepted the community, or of there being any community to accept.

Sixth—She denies that she was in any manner liable for the debt sued for, or for any of Felton's debts.

Seventh—She pleaded against the demand the prescription of one, three and five years.

Counsel on both sides have lengthily and exhaustively discussed the second and third grounds of defense; but under the view we have taken of this case, we do not consider either ground as materially affecting its conclusion and decision.

A surrender in bankruptcy does not operate, or have the effect of, a payment. Payment extinguishes absolutely the obligation, both morally and legally. Bankruptcy is simply a bar to the enforcement of it. If bankruptcy extinguished a debt, then when the principal obligor thereof took its benefit, the surety of that debt would be discharged. In other words, the very contingency (to wit: insolvency of the debtor) which necessitates and occasions suretyship would extinguish it. The discharge or bar resulting from bankruptcy not extinguishing the debt, but leaving the natural and moral obligation to pay in all its force, it follows that unless pleaded in defense by the debtor it is waived; and that a judgment rendered against a bankrupt who does not plead his discharge in bar of the action, is just as valid as a judgment against a debtor on a prescribed debt, where prescription is not pleaded.

We see no reason therefore to doubt the validity of plaintiff's judgment against James G. Felton.

Nor do we understand or see the force of defendant's argument as to the effect of the bankruptcy of James G. Felton on the wife's liability for community debts, if she be held to be a partner. If she accepted the community either expressly or tacitly, *his* discharge would not protect *her* from pursuit for *her half of the debt.* As we have seen a discharge in bankruptcy is not a payment. When her husband went into bankruptcy, the debts of the community were not thereby paid or extinguished: and if afterward, by the happening of the necessary conditions, to wit: dissolution of the community and its acceptance by her, her liability for those debts became absolute, *she* could not plead *his* discharge in bar of an action *against her;* no more than could one joint or solidary debtor, plead the bankruptcy of his co-debtor. So we see it is matter of no moment in this case whether James G. Felton went into bankruptcy and was discharged or not, if it is true as alleged by plaintiff that his debt was a community debt—that on the dissolution of that community, whether by death or judgment, defendant accepted it.

Nor is it material to the decision of this cause, whether the community between Felton and the defendant, was dissolved by a judgment or by death.

Ludeling vs. Mary H. Felton and Husband.

The important question is, *after it was dissolved, did she accept it, either expressly or tacitly?* Happily we are all agreed that in one or the other way, it was dissolved. We are equally agreed that the acceptance may be express or tacit—by words, or by deeds only—and that having accepted in either way, the wife is liable for one half of the community debts.

The only difference between the cases where the dissolution is by death, and where it is by judgment, is that in the former the wife is presumed to accept unless she renounces, and in the latter, she is " supposed " to renounce unless she accepts. But the effect is the same in both cases, when she has accepted. See C. C. 2410, 2413, 2414, 2415—2420—12 An. 77, 13 An. 470.

That the wife has the right and power to accept the community when it is dissolved by judgment, is clearly and explicitly shown by article 2430 of the Civil Code, and that that acceptance may be express or tacit is equally indisputable. See cases above cited. If therefore it is shown that plaintiff's debt is one of the community, and if defendant has accepted expressly or tacitly, she is certainly liable to pay one half of it, unless barred by prescription.

There is no pretense that she ever expressly accepted the community, but it is urged that she did so tacitly, by taking possession of its effects and disposing of them for her own benefit. There was a mass of testimony taken on this question, and it would be impracticable for us even to attempt its recapitulation. We have read and considered it with care, and must say that, (aside from the legal presumption that the effects found in the possession of the parties at its dissolution belong to the community) the proof satisfies us that there were at least four or five mules and perhaps other effects belonging to the community, and that the defendant sold and disposed of them for her own benefit. This act was a tacit acceptance and notwithstanding any "supposed " renunciation resulting from her silence after judgment of separation, "makes her liable as a partner." 12 An. 77; 13 An. 470; C. C. 2418.

But her liability *as a partner* is only for *one half* of the debts. True she would be responsible to the administrator or heirs of her husband for the amount of the value of his half of the community effects so disposed of by her. But in this case there is no proof in the record which enables us to determine that value. We do not agree to the proposition that we can take judicial cognizance of such values. Besides if the crops of 1870 be held to have been community, it is shown that it was absorbed by the expenses of making it and perhaps other privileged claims against the community may have been paid by the widow. Besides we are not prepared to say that a mere creditor of the estate of the husband, can recover in such a demand—because she only owes the amount

46

of the value of the husband's share of the common effects. She owes that to the estate of her husband and not to any particular creditor thereof.

The plea of prescription of one three and five years interposed by the defendant can not be sustained. She accepted the community in 1871 and this suit was brought in 1874. Her obligation to pay half of the debts of the community flows from a quasi contract, from an assumpsit implied by law from her act of acceptance. The prescription applicable to such an action is that of ten years. C. C. 3544.

It is therefore ordered adjudged and decreed that the judgment appealed from be avoided and reversed, and it is now ordered and decreed that John T. Ludeling have and recover of the defendant Mary H. Felton, four hundred and sixty dollars with five per cent interest thereon from first of January, 1868, and costs of both courts.