HERBERT BEATTIE, as Executor, etc., of WILLIAM BEATTIE, Deceased, Respondent, *v.* HENRY C. BEATTIE and Another, as Administrators, etc., of JANE BEATTIE, Deceased, Appellants.

*Money collected by an agent — presumed to have been paid to his principal — a party making a negative allegation imputing wrongdoing must prove it.*

If a person collects interest accruing upon a mortgage as the agent of another, it becomes his duty to account therefor and pay over to his principal the money so received by him, and if he fails in this and converts the money to his own use, he becomes criminally liable therefor. Such neglect of duty the law will not presume, but, instead thereof, will presume that the agent has performed his duty until it is made to appear otherwise.

Where an allegation involves a charge of criminal neglect of duty, whether official or otherwise, or of fraud, or of the wrongful violation of actual, lawful possession of property, the party making the allegation must prove it; the presumption of law is always in favor of innocence.

APPEAL by the defendants, Henry C. Beattie and another, as administrators, etc., of Jane Beattie, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ontario on the 4th day of June, 1894, upon the report of a referee.

*Frank Rice,* for the appellants.

*J. H. Metcalf,* for the respondent.

HAIGHT, J.:

It appears that in the month of January, 1888, the defendants' intestate, Jane Beattie, entered into a contract with the plaintiff's testator, William Beattie, wherein she agreed that if he would supply her with a home in his family and would furnish her with board, care and attendance he should be well paid for the same by her; that pursuant to such agreement she went to reside in his family in the forepart of January, 1888, and thereafter made her home with him until her death on the 28th day of May, 1892; that during that time she was supplied with a comfortable room and with such board, care and attendance, including her washing, as was necessary and suitable for a person in her condition and circumstances; that at the time she took up her residence with the plaintiff's testator she was about eighty-eight years of age and somewhat infirm, but for a

period of about eighteen months thereafter did not require any exceptional care or attendance other than that ordinarily required by a person of her advanced years; that thereafter she became feeble in mind and body, and during the last years of her life required and received from the plaintiff's testator and his family care and attention of an exacting and disagreeable kind.

The referee has found the value of the services so rendered, and that there is still a balance due from her estate of $850.72. Some question has been made in reference to the value of the services found by the referee, and it is claimed that a greater sum has been allowed than should have been, but we are not disposed to interfere with these findings, for, although liberal, we think they are sustained by the evidence.

It further appears that the claim against the estate was presented by William Beattie in his lifetime, but that he, shortly thereafter and before the trial of this action was completed, died; that prior to the year 1888, and before Jane Beattie went to reside with him, he had, as her agent, collected for her use the interest accruing upon a mortgage owned by her during the years 1885, 1886 and 1887, amounting to $1,025.60. It is now claimed that this sum should be charged to him and credited upon his account. The circumstances disclosed under which these collections were made are somewhat meager. It appears that William Beattie was the nephew of Jane Beattie, and that they lived in the same town near each other; that Jane Beattie's property chiefly consisted of a mortgage for $4,815 upon real estate in the same town; that she collected the interest accruing thereon herself until the spring of 1885, after which the interest was paid to William Beattie; that she was then eighty-five years of age, and, when payments were made to her, she said that William Beattie would make the indorsements for her; that this manner of making payments to her and the indorsing of the interest by William commenced as early as 1883, and continued up to the time that the interest was paid to William. She then appears to have delivered the mortgage to William, who made the collections for her thereafter. After she went to live with William in 1888 he still continued to make the collections of the interest paid upon the mortgage, but has charged himself therefor and accounted for such collections. As to what was done with the money collected by him

prior to that time the case is silent; but the referee has found that the legal presumption, under the circumstances, is that he had performed his legal duty and paid over and accounted to her for the moneys so received by him, and that his estate is not chargeable therefor. We are inclined to the view that the conclusion of the referee should be sustained. It appears that Jane Beattie, up to the year 1885, chiefly transacted her own business; that she made her own collections, paid her taxes, etc., without assistance, except as she had William make the indorsements for her upon her mortgage; that her mind remained reasonably clear for eighteen months after she went to live with William. She, therefore, must have known when the payments became due upon the mortgage, the amount thereof and the sum that should be turned over to her by her agent. At the time she went to live with William she agreed to pay him well for the services that he should thereafter render, making no demand nor claim that he held in his possession any funds belonging to her.

We are aware that in the case of *Andrews* v. *Moller* (37 Hun, 480) it was held that it was only necessary for the plaintiff to show that money belonging to him as receiver had passed into the possession of the defendants for his benefit in order to be entitled to recover, and that it was not necessary for him to prove that the defendants had failed to pay over the money, but in that case it did not appear that the defendants were the agents of the plaintiff. They were, in fact, commissioners licensed by the Secretary of State under section 4 of chapter 611 of the Laws of 1875, and the relation existing between them and the plaintiff, or the corporation he represented, was quite different from that existing between the parties in this action. If William collected the interest accruing upon the mortgage as the agent of Jane Beattie, it became his duty to account therefor and pay over to her the amount so received by him, and if he failed in this and converted the same to his own use he became criminally liable therefor. This the law will not presume, but instead thereof will presume that he has performed his duty until it is made to appear otherwise. (*Pardee* v. *Kanady*, 100 N. Y. 121; *People* v. *Pease*, 27 id. 45–74.) Greenleaf in his work on Evidence (Vol. 1, § 80) says: "Where the negative allegation involves a charge of

criminal neglect of duty, whether official or otherwise; or fraud, or the wrongful violation of actual lawful possession of property, the party making the allegation must prove it, for, in these cases, the presumption of law, which is always in favor of innocence and quiet possession, is in favor of the party charged."

The question as to whether the judgment was properly entered without an order of the court was waived by the parties upon the argument of this appeal.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs.