(55 App. Div. 121.)

BREED v. BREED.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

1. PRINCIPAL AND AGENT—COLLECTIONS—PAYMENT—PRESUMPTIONS.
    In the absence of any proof, the law presumes that money collected by an agent in his lifetime has been paid over to his principal.
2. EXECUTORS AND ADMINISTRATORS—CLAIMS—ALLOWANCE—EVIDENCE—SUFFICIENCY.
    Decedent had collected $200 as agent for the claimant, his mother, who filed a claim against his estate for the amount. It was shown that he deposited the money in a bank to his own credit about a month after he made the collection, and applied to borrow $50 of it. About 20 months

later, or about 2 months before his death, he admitted that he owed his mother $300. There was no proof that he owed her on any other account, and the executor refused to produce decedent's bank books. *Held* sufficient to overcome the presumption that decedent had paid over the amount collected, and the evidence was therefore sufficient to establish the claim.

Appeal from judgment on report of referee.

Claim by Sarah M. Breed against Dora Breed, as executrix of Byron M. Breed, deceased. From a judgment dismissing the claim, the claimant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

H. C. Stratton, for appellant.
Eugene Clinton, for respondent.

PARKER, P. J. On April 22, 1896, the deceased, Byron M. Breed, received the sum of $200, which was paid to him as the agent of this plaintiff, who is his mother, by one Harrington, who was indebted to her upon a bond and mortgage for more than that amount. This fact is not disputed, but, if the plaintiff had proved nothing more, she would not have established a cause of action against the deceased for the money so received. In the absence of any proof as to whether deceased had or had not paid to her the sum which he so collected for her, the presumption of law would be that he had, rather than that he had not. The law will not presume an embezzlement on his part. Beattie v. Beattie, 83 Hun, 295, 31 N. Y. Supp. 936, affirmed in 153 N. Y. 652, 47 N. E. 1105. The serious question in this case, however, is whether this presumption has not been overcome by further facts which the plaintiff established on the trial. It was shown that up to May 18, 1896, the deceased still had possession of the $200 so collected; that he had put it in the bank to his own credit, and upon that day applied to the plaintiff to borrow $50 of it. Such fact appears from his letter dated on that date. It further appears by the evidence of Dudley Breed, an uncle of the deceased, that on January 12, 1898, about a year and eight months after the letter, and about two months before his death, the deceased stated to such witness that he was then owing to his mother the sum of $300. It is urged by the respondent that such statement is not an admission that he had retained or borrowed the $200 in question, that it does not refer to such $200, and that therefore it can have no effect against the presumption that such $200 had been paid. The claim filed by the plaintiff was for $400, made up of this item of $200, and of certain other items for rent and money loaned in 1892. If such admission did not refer to the $200, to what did it refer? There is no proof whatever that he was owing his mother upon any other account. She failed to give any proof at all concerning the rent or money loaned in 1892. The only fact in the case upon which an indebtedness to the mother can be predicated is the receipt of such $200; and inasmuch as the deceased admits that he owed her $300, in the absence of any proof on his part as to what such indebtedness was based upon, I am of the opinion that such admis-

sion may fairly be applied to such $200, and overcomes the presumption that he had theretofore paid it to her. The deceased having made that admission of indebtedness to the plaintiff,. the burden was upon him to show that his liability to pay over such $200 had been satisfied and discharged. Moreover, the evidence seems to establish that on January 12, 1898, the deceased was debtor to the plaintiff to the extent of $300. If it was not for the $200 so received by him in April, 1896, it must have been for some other account. Her claim is that it included the $200. Unless he shows that it did not, and for what it was, the fair presumption is that he cannot successfully dispute such claim. Having the means in his hands to show that it did not, his omission to do so is to be taken against him. 2 Am. & Eng. Enc. Law, pp. 652, 654; Schwier v. Railroad Co., 90 N. Y. 558, 564; Kenyon v. Kenyon, 88 Hun, 211, 34 N. Y. Supp. 720. And in this connection it is to be noticed that on the trial the defendant refused to produce the bank book of the deceased, which had reference to his deposit of the $200 in bank to his own credit, and which presumably would enable the parties to trace the $200 so deposited. But, more than all, if so short a time before his death he was owing this plaintiff $300, why might she not in this proceeding, and under this claim as filed, recover for that amount? I do not understand from the decision of the referee that he rejected the evidence of the witness Dudley Breed. The story which that witness told regarding the admission to him is not an unreasonable or incredible one, and his veracity is in no way impeached. His statement is in no way contradicted, and I assume that it should be taken as true. The fact to which he testified I take as an established fact in the case, and by reason of that fact I differ from the referee with regard to the inferences to be drawn from it.

The judgment should be reversed, the referee discharged, and a new trial granted, costs to the appellant to abide the event of the trial, subject to the provisions of sections 1835 and 1836 of the Code. All concur.