MANFRED W. EHRICH, Trustee in Bankruptcy of ELMORE D. DIER and Others, Individually and as Members of the Firm of E. D. DIER & Co., Bankrupt, Appellant, *v.* FRED ANDREWS, Respondent.

First Department, December 14, 1923.

Principal and agent — action by trustee in bankruptcy to recover money of bankrupts applied by defendant, agent of bankrupts, to his personal use — evidence shows that money was withdrawn from bankrupts' business by defendant and applied to his personal use — plaintiff not required to show that money was not repaid by defendant — burden is on defendant to explain use of money — case should have been submitted to jury.

In an action by a trustee in bankruptcy to recover money alleged to have been withdrawn by the defendant, the manager of the bankrupts, from the bankrupts' business and applied to his own personal use, in which it is shown by the plaintiff that the money was so withdrawn and so applied, the plaintiff does not have the burden of showing that the defendant has not repaid the money withdrawn by him but the burden is upon the defendant to explain the withdrawals and the use to which the money was applied, and if applied to his own use the fact that it was repaid by him.

Accordingly, the question was not, therefore, a question for the court to decide, upon presumption for lack of evidence establishing liability, but rather was a question for the jury to decide after the evidence was fully before the court and the complaint should not have been dismissed on the merits at the close of the plaintiff's case.

APPEAL by the plaintiff, Manfred W. Ehrich, as trustee, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 28th day of February, 1923, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Hays, St. John & Moore* and *Saul S. Myers* [*Arthur Garfield Hays* of counsel], for the appellant.

*Griggs, Baldwin & Baldwin* [*Martin Conboy* of counsel; *David Asch* with him on the brief], for the respondent.

SMITH, J.:

The plaintiff is suing as trustee in bankruptcy of E. D. Dier & Co., and of Elmore D. Dier, Harry J. Lawrence, Jr., and Lawrence Starr, the members of the firm. The defendant Andrews was the cashier of the firm and practically in sole charge of the firm. Under the rules of the partnership no checks were to be cashed except upon the countersignature of one of the members of the firm. It appears that it was the custom of Hughes, who was a member of a prior

firm of which this firm was the successor, that these checks were countersigned in blank to a large extent; and Dier, himself, after the formation of the firm, when he went away, countersigned a number of checks in blank which Andrews filled out and upon which Andrews drew money. There was a large amount of money that was drawn that was applied to the personal use of Andrews. While they were put in some account in the firm which is not explained, nevertheless, the evidence is to the effect that these were for the personal benefit of Andrews, and many thousand dollars went to the personal benefit of Andrews upon such checks. Among other instances, one of the checks went to pay the premium upon a personal life insurance policy of Andrews. A check for $4,000 was to pay for his individual membership in the Stock Exchange, of which he still retains the title to the exclusion of the plaintiff. There was a $15,000 check that went to open the account of Andrews at the Guaranty Trust Company.

There is no question that, upon the proofs, the jury was authorized to find that a large amount of the money was diverted from the purposes of the firm to the purposes of Andrews himself. The plaintiff did not prove that these moneys had not been repaid, nor did he make full explanation, except so far as to show the facts which, *prima facie*, would indicate that Andrews himself diverted these moneys to his own personal account and to his own personal benefit. Knaess, who at times signed some checks, swears that he was instructed implicitly to follow the direction of Andrews; and the signing of the checks, except so far as they were signed by the members of the firm themselves, evidently was done at the instance of Andrews and by his direction. The $15,000 check was one of the checks that was made while Dier was away and which he had countersigned in blank before leaving town.

The trial judge has dismissed the complaint upon the ground that the burden of proof was upon the plaintiff, and the plaintiff had failed to show non-payment of these amounts to the firm, and had failed to present sufficient proof that these moneys went to the personal account of Andrews.

In Mechem on the Law of Agency (Vol. 1 [2d ed.], § 1344) it is said: " The burden of showing the existence of such a relation and such a receipt of money or property as will impose upon the agent the duty to account, is upon the principal. When, however, this showing has been made, or when the agent voluntarily admits the receipt of the property or money, the burden of showing that he made a proper disposition of it, rests upon the agent."

It is true that in the note it is said that: " In New York the contrary seems to be held; " and the cases of *Breed* v. *Breed* (55

App. Div. 121), *Beattie* v. *Beattie* (83 Hun, 295; affd., 153 N. Y. 652), and *Turner* v. *Kouwenhoven* (100 id. 115) are cited, in which it is held that it is presumed that the servant has performed his duty. But these authorities do not fully sustain the statement in the note. That presumption cannot exist where it is alleged that the agent has applied the moneys to his own personal use, as, for instance, in paying the premium on his personal life insurance policy, or in depositing the moneys to his own personal credit in the Guaranty Trust Company, or to the payment for the seat upon the Stock Exchange. There is a general presumption that a crime will not be presumed, in addition to the general presumption that a party is presumed to have done his duty; but these presumptions are all subject to rebuttal. According to Wigmore the presumption seems to exist only where reasonable men would imply the probability from the circumstances of the case. In the case at bar we think the facts are entirely against such a proposition, and that the application of these moneys to the personal use of Andrews is sufficient to rebut the presumption if it existed. In addition to that, there is the rule of law that when a party has personal knowledge of facts which the other party does not have and which he might explain by his own personal testimony, his failure to make such explanation is to be taken to an extent against him in determining the question as to whether such a fact exists as he may claim to exist. There is another presumption that a party acting as agent for another party, receiving money shown to have been applied to his own use, should fairly be required to explain why that money was applied to his own personal use, rather than to the use of the firm, as it was his duty so to apply it.

This action is brought by a trustee in bankruptcy who has no personal knowledge of the affairs of the company. Whether the members of the firm care to swear against Andrews or not is a question which may rest upon many circumstances which are not revealed in the evidence. But there still exists the broad proposition that the defendant has full knowledge of just what was done with these moneys and what explanation, if any, can be made of the reason why these moneys were applied to his personal use. While in New York the presumption is in favor of the fact that a man has done his duty, nevertheless, this presumption is subject to modification by circumstances which surround the case and which indicate to a man who looks at the matter from a practical standpoint, that moneys taken from a firm and applied to the personal use of a party should be charged against him without explanation upon his part, which could so easily be made, as to why the moneys were so applied, and what authority there was for

such application. Furthermore, in the ordinary suit at law there is no presumption of payment. In an action at law the presumption is against payment, and the defendant is bound not only to prove but to allege that payment has been made. The circumstances here disclosed bear strongly upon the question as to where the presumption should be placed in the case at bar.

I am of the opinion that the trial judge was wrong in holding that the defendant had no further duty, and I think the defendant should be put to his proof to explain as to what became of these moneys, and as to any reason which would explain the abstraction of these moneys from the firm and their devotion to his own personal use in the case. The question, therefore, was not a question for the court to decide upon presumption for lack of evidence, but rather was a question for the jury to decide after the evidence was fully before the court. This reasoning also would lead to a holding that the court should have admitted the proof as to the General Electric stock, leaving defendant to make such explanation thereof as he may be advised.

These considerations apply, as well, to the checks and to the moneys taken from petty cash, and to all other moneys received by defendant from the partnership.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

Clarke, P. J., Dowling, Merrell and McAvoy, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.