## ARMATO v. ROSS et al.

### No. 16454.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1936.

On Application for Amendment of Decree Dec. 14, 1936.

Theo. Cotonio, of New Orleans, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for appellees.

WESTERFIELD, Judge.

Philip Armato brought this suit against Mrs. Mary Ross, the widow of his deceased brother, Frank Armato, and her present husband, Henry Gronweg, alleging that Frank Armato died on July 21, 1924; that prior to his death he operated a grocery store in the city of New Orleans; that he loaned his brother $545 in January, 1933; that $500 of said amount was represented by a promissory note which is attached to and made part of his petition; that the storehouse in which his brother had conducted his grocery business and the stock in trade and personal effects of his brother were taken possession of by Mary Ross, his brother's widow, and Henry Gronweg, her husband

and converted to their own use; that as a result of such action by his brother's widow she became liable for the debts of the deceased having accepted the community by taking possession of all the property of the succession; that Henry Gronweg is also liable as an intermeddler. The petition closes with a prayer for judgment against Mary Ross Armato Gronweg and her husband, Henry Gronweg, in solido, in the sum of $545 with interest at 8 per cent. and 10 per cent. attorney's fees on $500 of said amount according to the stipulation in the note given plaintiff for that sum by his late brother.

To this petition both defendants filed exceptions of no cause or right of action. The exceptions were referred to the merits, but on the trial of the case objection was made to the introduction of parol evidence to support the allegations of plaintiff's petition upon the ground that the petition did not set forth that the debt sued on was a debt of the community, and upon the further ground that plaintiff, having caused the succession of his brother to be opened in the Civil District Court, in which proceeding plaintiff had declared that he was a creditor of the succession, cannot now be heard to claim the amount from the present defendants.

The objection was maintained, the court ruling that "the objection to the evidence on the ground of the exception of no right or cause of action at that time against the said defendants is sustained, and all rights that the plaintiff may have at a future time are reserved." Plaintiff has appealed to this court.

Defendants contend in substance:

First, that the instrument sued on is not a negotiable promissory note, since it is drawn to the maker's own order and not indorsed by him, citing section 184 of Act No. 64 of 1904 (Negotiable Instrument Law) which reads as follows:

"A negotiable promissory note within the meaning of this act is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer.

"Where a note is drawn to the maker's own order, it is not complete until indorsed by him."

Second, that Mrs. Henry Gronweg is alleged to be the widow in community against whom the entire amount of the indebtedness is claimed, whereas, if liable at all she can only be liable for one-half.

Third, that there is no allegation that the property alleged to have been taken over by Mrs. Gronweg and her husband was community property; and

Fourth, that Henry Gronweg is not an intermeddler as defined by article 1100 of the Revised Civil Code because there is no allegation in the petition to the effect that the succession of Armato was vacant.

In regard to the first defense, it is sufficient to say that whether the note be complete or otherwise, it is merely the evidence of the indebtedness which exists independently. Article 1762 of the Revised Civil Code reads: "The contract must not be confounded with the instrument in writing by which it is witnessed. The contract may subsist, although the written act may, for some defect, be declared void; and the written act may be good and authentic, although the contract it witnesses be illegal. The contract itself is only void for some cause or defect determined by law."

In the case of Achee v. Williams, 6 La. App. 316, 319, a case involving a similar note which had not been indorsed by the payee, it was said: "While it is true that a note made payable to the maker's order is not complete as a negotiable instrument in the hands of a third person without the maker's endorsement, such a note is not a nullity but is good in equity against the maker where it is shown that the note was given for a valuable consideration and was delivered by the maker to his creditor in accordance with the terms of the contract in connection with which the note was executed."

We conclude on this point that if the plaintiff can prove the existence of the indebtedness he will not be prevented from doing so because the note is defective in that he did not indorse it.

The second defense need not be considered at this time except to observe that it involves the admission that one-half the amount claimed is due, a concession that there is a cause of action pro tanto.

The next point made by the defendants concerning the absence of allegations that the property of the succession was community is not sound for the

reason that at the dissolution of the marriage all property possessed by either spouse is presumed to be community property. Article 2405 of the Revised Civil Code.

Finally, it is said that Henry Gronweg is not an intermeddler. The definition contained in the Code refers to vacant successions, but we are not sure that it has always been thus limited. Stephens v. Atkins Bros., 110 La. 14, 34 So. 108; Succession of Hawthorne, 158 La. 637, 104 So. 481. However, at the time it is alleged that Gronweg and his wife took possession of the succession property, it may be said to have been vacant, since no one had claimed it, the succession being opened April 12, 1935, Frank Armato having died July 21, 1934, and this suit having been brought May 27, 1935.

The basis of plaintiff's claim against Mrs. Gronweg is that she has made herself liable by taking possession of the assets of the succession.

In Davie & Co. v. Carville, 110 La. 862, 34 So. 807, it was held: "A surviving wife, by failing to have the succession of her husband opened, by failing to avail herself of the benefit of inventory, by taking possession of the property of the succession, by recognizing and paying debts, and by continuing the business of a store which her husband had kept, has unquestionably committed herself to an unconditional acceptance of the community." See, also, Schreiber v. Beer's Widow & Heirs, 150 La. 676, 91 So. 149.

We see nothing inconsistent in the plaintiff presenting a claim in the succession proceeding, and, at the same time, prosecuting this suit against Mr. and Mrs. Gronweg upon the ground that they have made themselves liable for the debts of the succession. As a matter of fact, it is of the essence of the plaintiff's claim against the present defendants that he should establish himself as a creditor of the succession.

Our conclusion is that the exceptions of no cause or right of action should have been overruled.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, reversed, the exceptions of no cause of action overruled, and the case remanded to the Civil District Court for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.

On Application for Amendment of Decree.

PER CURIAM.

Plaintiff and appellant has asked us to amend our decree so as to award him costs of appeal which were not mentioned in our original decree. We believe the request to be reasonable and proper and our decree will therefore be amended accordingly.

Our original decree amended.