LAND, Justice.
 

 At the date of the death of John Bauer, brother of August Bauer, plaintiff herein, they were the joint owners of the' sum of $7,467.89, deposited in the savings account of the Carrollton Branch of the Whitney Bank & Trust Company of the city of New Orleans, La.
 

 Dr. George F. Cocker was appointed dative testamentary executor of the last will and testament of John Bauer, brother of plaintiff, and withdrew from the savings account of the Carrollton Branch of the Whitney Bank & Trust Company the entire sum of $7,467.89 and, on March 3, 1931, deposited the same in the - Ewing Market Branch of the Canal Bank & Trust Company in his name as. dative testamentary executor.
 

 On April 28, 1931, plaintiff, August Bauer, by act passed before Paul 'Walter Maloney, notary public, named and constituted Dr. George F. Cocker, his duly au
 
 *499
 
 thorized agent and attorney in fact. Acting under this power of attorney, Dr. George F. Cocker settled the estate of John Bauer, who had named August Bauer, his brother, universal legatee in his will, and on May 4, 1931, Dr. Cocker deposited, in the name of August Bauer, in the Ewing Market Branch of the Canal Bank & Trust Company, the sum of $6,350.90, which was left after the settlement of the estate of John Bauer.
 

 On May 2, 1931, two days before this deposit was made, the plaintiff, August Bauer, executed a second power of attorney on a card furnished by the bank, by the terms of which he authorized Dr. George F. Cocker as his agent to make deposits, draw, sign, and indorse checks, bills of exchange, and trust receipts, as well as to indorse all documents pertaining to same, and to withdraw or transfer whatever money or moneys that August Bauer then had or might thereafter have to his credit in the bank.
 

 Acting as agent under this power of attorney, Dr. George F. Cocker, on May 13, 1931, withdrew from the checking account of August Bauer, in the Ewing Market Branch of the Canal Bank & Trust Company, the sum of $5,218.36, and, on the same day, deposited in savings account No. 18,576, in the name of August Bauer, the sum of $1,132.54.
 

 Acting as agent under this power of attorney, Dr. George F. Cocker also withdrew from the savings account No. 18,576 of August Bauer, in the Ewing Market Branch of the Canal Bank & Trust Company, the following amounts:
 

 5/19/31 .............. $ 668.00
 

 8/19/31 .............. 200.00
 

 4/21/32 .............. 50.00
 

 9/1/32 ............... 100.00
 

 totaling the sum of........ $1,018.00, and leaving on deposit the sum of $125.51, including interest.
 

 Dr. George F. Cocker died on the 12th day of February, 1933, without having rendered to plaintiff, August Bauer, his principal, any account of his agency, and without having returned to plaintiff any amounts withdrawn from his bank accounts, or his bank books, deposit books, checking accounts, savings account book, or canceled checks.
 

 Dr. George F. Cocker died testate. The defendant, Mrs. Florence Albers, widow of Dr. George F. Cocker, was put in possession, as widow in community, and as universal legatee, having accepted his succession purely, simply, and unconditionally, without an administration; judgment having been rendered April 6, 1933.
 

 The Canal Bank & Trust Company liquidated its assets on May 20, 1933, and the sum of $125.51, then on deposit in that bank in savings account No. 18,576 in the name of August Bauer, was divided as follows by the liquidators:
 

 To the restricted account, in the hands of the liquidators........$ 81.58
 

 To available account, in National Bank of Commerce............ 43.93
 

 Total ......................$125.51
 

 The National Bank of Commerce, Ninth St. Market Branch, has refused to pay
 
 *501
 
 plaintiff the available account of $43.93 and accumulated interest, due to the fact that Dr. George F. Cocker died without returning to plaintiff his deposit book No. 18,576, and all of his other bank books, check book, canceled checks, the return of which plaintiff demands in the present suit.
 

 Plaintiff avers that defendant, Mrs. Florence Albers, widow and universal legatee of Dr. George F. Cocker, after amicable demand, neglects or refuses to comply with the demands of plaintiff for an accounting or a settlement.
 

 Plaintiff further avers that the debt incurred is a community debt and that, by the unconditional acceptance of the estate of the late Dr. George F. Cocker, defendant herein is personally liable for the entire amount.
 

 The prayer is for a money judgment in the sum of $6,236.56, with legal interest from April 6, 1933, costs, return of bank books, etc., and for general and equitable relief.
 

 From a judgment rejecting his demands, plaintiff has appealed.
 

 1. On the trial of the case in the lower court, documentary evidence was offered by plaintiff, and admitted in evidence by the trial judge, for the purpose of proving that Dr. George F. Cocker in his lifetime received as agent the money sued for by plaintiff in the present case. This documentary evidence clearly establishes this fact.
 

 Counsel for plaintiff then propounded to him the following question:
 

 “Q. The record of your brother’s succession shows there was $7,467.89 in bank. Did you get that money?
 

 “A. Not one cent.” Tr., p. 38.
 

 Objection was made by counsel for defendant to this question on the ground that this was an attempt to prove by parol evidence a debt against a deceased person, contrary to the provisions of Act No. 207 of 1906, as amended by Act No. 11 of 1926.
 

 Counsel for plaintiff, in answer to the objection, stated that, having proved by documentary evidence that Dr. Cocker received this money during his life, he proposed by this testimony, and by further parol testimony by this witness, to show that the money withdrawn on the account by Dr. Cocker was not received by plaintiff, or expended for his account, and that plaintiff never received a cent of the amount of the moneys received by Dr. Cocker for him. Tr., pp. 38, 39.
 

 The objection of the counsel of defendant to the testimony was maintained by the trial judge. Tr., p. 38.
 

 2. Plaintiff does not attempt to prove in this case a debt by parol evidence against a deceased person. The powers of attorney under which Dr. Cocker acted as agent for plaintiff in receiving this money are in writing and are in evidence, and the receipt of the money by Dr. Cocker as plaintiff’s agent is fully established by other documentary evidence found in the record. There is nothing in the record to show that plaintiff, the principal, received
 
 *503
 
 any part of the money from his agent, Dr. Cocker.
 

 The principal in this case has shown by competent and satisfactory evidence that the agent received the money, and the burden rests upon the agent to account for same.
 

 As said by this court in Laporte v. Laporte, 109 La. 958, at page 962, 34 So. 38, 39: “On the other part of the demand, plaintiff is correct in his contention that the burden is on the defendant Sylvester Laporte to account for the moneys received by him for his mother, namely, $4,399 at one time, and $1,800 at another. From the present state of the record, the court would have to give judgment against Sylvester Laporte for a considerable amount on this demand. He has contented himself with making vague and general statements and giving estimates, instead of making a genuine effort to produce the facts before the court. He and his sister know who the physicians and nurses were who 'were employed, and how much was paid to them. The books of the debenture company ought to be accessible. If not, the fact of their inaccessibility ought to be shown. On this demand the case has peally not yet been tried. We will remand it for that purpose.”
 

 In 2 C.J. § 683, Verbo “Agency,” the law is thus stated: “Where the principal sues his agent for an accounting, or for money or property received, the burden is upon him to show that the agent has received the money or property, and the amount or quantity thereof; but it is not incumbent upon him to go farther and show that the agent has not accounted for it or paid it over. On the contrary the burden is then upon the agent to show, either that he has accounted, or some sufficient reason why he has. failed to do so.”
 

 3. Defendant, although alleging that she is unable to account for the money received by her husband, relies upon Act No. 207 of 1906, § 1,' as amended by Act No. 11 of 1926, to relieve her of any obligation for the money proven to have been received by her husband. The debt, having been incurred by the husband during the existence of. the community, and continuing to exist at- the time of. his death, is necessarily a community debt.
 

 It is well settled that, where ij: is shown that a debt is one of the community, and the surviving widow has accepted expressly or tacitly, she is liable to pay one-half of it. Ludeling v. Mary H. Felton and Husband, 29 La.Ann. 719, 720; Schreiber v. Beer’s Widow & Heirs, 150 La. 676, 688, 91 So. 149.
 

 But in the present case, defendant accepted the succession of her husband not only as surviving widow in community but also as universal legatee under his will.
 

 It is provided in article 1424 of the Civil-Code that: “Universal legatees, or legatees under an universal title, being in every respect assimilated to heirs, are subject to the payment of the debts of the succession, according to the same rules and under the same exceptions as heirs.”
 

 It is provided in. article 1013 of the Civil Code that: “The effect of the simple acceptance of' the succession, whether ex
 
 *505
 
 press or tacit, is such, that when made by an heir of age, it binds him to the payment of all debts of the succession, not only out of the effects which have fallen to him from the succession, but even personally, and out of his own property, as if he had himself contracted the debts or as if he was the deceased himself; unless, before acting as heir, he made a true and faithful inventory of the effects of the succession, as here above established, or has taken the benefit treated of hereafter.
 

 “The engagement of the heir, who has accepted unconditionally, is somewhat different with respect to legacies, as shall be hereafter explained.”
 

 In Lawrence v. Lawrence, 172 La. 587, at page 595, 134 So. 753, 756, it is said: ■“It is well settled that an heir who accepts the succession unconditionally, that is, without the benefit of inventory, thereby binds himself for the debts or obligations ■of the deceased person, the same as if he himself had contracted them. Rev.Civ. Code, arts. 1013 and 1428; Berry v. Wagner, 151 La. [456] 472, 91 So. 837; Griffing v. Taft, 151 La. 442, 91 So. 832.”
 

 The defendant did not accept with 'benefit of inventory, and had no inventory .made of the effects of the succession of her husband. Her. acceptance was without .administration and unconditionally.
 

 The contention of the defendant that :she did not know of the existence of the ■debt claimed by plaintiff in this case is not a defense, since she could have fully protected herself by an acceptance of the •succession of her husband with benefit of inventory.
 

 Nor can defendant’s contention that this is a stale claim avail her in the present case. The debt is not prescribed. Her obligation is a personal one.
 

 As said in Ludeling v. Mary H. Felton and Husband, 29 La.Ann. 719, at page 722: “The plea of prescription of one, three and five years interposed by the defendant can not be sustained. She accepted the community in 1871 and this suit was brought in 1874. Her obligation to pay half of the debts of the community flows from a quasi contract, from an assumpsit implied by law from her act of acceptance. The prescription applicable to such an action is that of ten years. C.C. 3544.”
 

 The judgment of the civil district court for the parish of Orleans, placing defendant in possession under her unconditional acceptance of the succession of her husband, is of date April 6, 1933.
 

 The plaintiff filed the present suit against defendant December 16, 1935. Prescription had not then accrued.
 

 As plaintiff’s evidence was rejected in the court below on the objection of defendant, and plaintiff’s suit was. dismissed, the case, therefore, must be remanded.
 

 For the reasons assigned, it is ordered that the judgment appealed from be annulled and reversed.
 

 It is now ordered that this case be remanded and be reinstated on • the docket of the lower court, and be proceeded with in due course, and consistently with the views herein expressed, and that defendant, appellee, pay the cost of appeal.