### ARMATO v. ROSS et al. *
#### No. 16774.

Court of Appeal of Louisiana. Orleans.
Dec. 13, 1937.

*Rehearing refused Jan. 10, 1938.

Theo. Cotonio, of New Orleans, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for appellees.

McCALEB, Judge.

This is a suit brought by Philip Armato, a creditor of the succession of his late brother, Frank Armato, in the sum of $545 against Mary Ross, widow of the deceased (now wife of Henry Gronweg), and Henry Gronweg, claiming that the defendants are responsible individually and in solido for the payment of the debt due him by the succession of his brother. He contends that Henry Gronweg is liable because the latter has intermeddled with the effects belonging to the deceased and has, with the aid and assistance of the deceased's surviving spouse, taken possession of the succession's assets and converted them to his own use. He also asserts that Mrs. Gronweg (the surviving spouse) is likewise personally responsible to him for intermeddling and further charges that she is liable because she has tacitly accepted the community of acquets and gains existing between her late husband and herself in that she has taken possession of the estate and converted it to her own use.

This is the second time this case has come before us. On the first occasion, we were called upon to review the correctness of a ruling of the trial judge wherein he dismissed the plaintiff's suit on the defendants' exceptions of no cause of action. See 170 So. 400. There, we held that the judge was in error in sustaining the exceptions and accordingly remanded the cause for trial on its merits.

When the case was sent back to the district court, the plaintiff, by supplemental petition, joined the administratrix of the succession of Frank Armato as party defendant to the proceeding. The matter thereafter came on for trial against the succession of Frank Armato, Mrs. Gronweg (his surviving spouse), and Henry Gronweg. After hearing the evidence adduced by the parties of the controversy, the district judge found in favor of the plaintiff and against the succession of Frank Armato in the amount sued for, but dismissed the plaintiff's claim against Mrs. Gronweg and Henry Gronweg. This appeal has been prosecuted by the plaintiff from that portion of the trial court's judgment which relieves Mr. and Mrs. Gronweg from responsibility.

Counsel for the defendants tell us in oral argument and in brief that they do not controvert the fact that Frank Armato was indebted unto the plaintiff (his brother) in the amount sued for so that the only questions which need be considered here are: Whether Mrs. Gronweg or Mr. Gronweg or both have become individually liable for the debts of the succession of Frank Armato.

The facts of the case are simple, and we find them to be as follows:

Frank Armato died in the city of New Orleans on July 21, 1934. Prior to his death, he lived with his wife and minor children at the premises 3132 Laurel street. This property served him in the dual capacity of residence (in the rear) and for the operation of a grocery business (in the front). The deceased, besides being engaged in the operation of a grocery store, also conducted a small vegetable trucking business. At the time of his death, the property owned by the community of acquets and gains, existing between his wife and himself, consisted of the real estate on Laurel street, inventoried at $2,300 (subject to a mortgage amounting to approximately $1,700), an old Ford truck (subsequently exchanged at a value of $168), a stock of groceries (valued by his wife at $5), certain fixtures and equipment for the grocery store (later sold by his wife for $30), and household furniture of an undetermined value. Aside from the succession assets, the deceased also carried a policy of insurance on his life, in favor of his wife, in the sum of $2,000.

After Frank Armato died, his widow did not have his succession opened. She collected the proceeds of the policy on his life and used the greater portion of the insurance money to liquidate in full the mortgage on the real estate owned by the community. She continued to operate the grocery business at 3132 Laurel street and later rented a portion of the

premises, for $28 per month, to a Mrs. di Lorenzo, who conducted a retail grocery thereon. About three months after her first husband's demise, Mrs. Armato married .the defendant Henry Gronweg, and since then he has lived with her at the residence belonging to the first community. Shortly after her second marriage, Mrs. Gronweg changed the name of the grocery store from Armato's Grocery to Gronweg's Grocery.

The evidence also reveals that on May 22, 1935, the defendant Henry Gronweg purchased a Ford automobile from the Bohn Motor Company, Inc., of New Orleans and gave, as partial payment of the purchase price, the old Ford truck, valued at $168, owned by the succession of Frank Armato. Gronweg explains in his testimony that the Ford automobile purchased in his name does not belong to him but is used exclusively by the eldest son of Frank Armato; that, at the time the car was purchased, this boy, who was a minor, came to him and requested that the old truck be used for the purchase of an automobile and that he complied with the latter's desire and bought the car, giving the truck in trade as partial payment of the price. He further states that he does not use the automobile and does not consider that it belongs to him.

We shall first examine the asserted liability of Gronweg, under the evidence above set forth, as an intermeddler within the meaning of article 1100 of the Revised Civil Code. That article reads:

"In case any person shall take possession of a vacant succession, or a part thereof, without being duly authorized to that effect, *with the intent of converting the same to his own use,* he shall be liable to pay all the debts of the said estate, exclusive of the damages to be claimed by the parties who may have suffered thereby." (Italics ours.)

While we entertain some doubt concerning the application of this article to successions other than those properly denominated as vacant, as where the heirs are unknown or the effects have been unclaimed, and assuming, for the purpose of discussion only, that the article covers cases involving the facts here presented, it is our opinion that the plaintiff has failed to prove that Gronweg has taken possession of the effects of Armato's estate or any part thereof with. the intent of converting the same to his own use. The only evidence respecting the claim against Gronweg, which may be pointed to as proof of intermeddling, is that he exchanged the old truck belonging to the estate, in the purchase of the new Ford automobile in his own name.' He has explained his position in regard thereto to the satisfaction of the district judge, and in the absence of obvious error in the ruling of the trial court on this issue of fact, we will concur in its findings. In buying the new Ford automobile, Gronweg was acting for and at the behest of Frank Armato's minor son who was incapable of making the purchase in his own name because of his minority. He states that he derived no benefit as a result of the transaction. Unless his testimony could be declared false, as being opposed to the surrounding facts and circumstances of the case, it is entitled to be given credence. Moreover, even though we were in doubt in respect to the veracity of Gronweg's explanation, it should be borne in mind that the penalties inflicted upon the intermeddler by Article 1100 of the Code are severe, to say the least, and for this reason the proof should be clear and convincing that an intentional and fraudulent act of conversion has been perpetrated to the detriment of the creditor. The article, penal in its nature, should be strictly construed. See Succession of Trosclair, 34 La.Ann. 326, and Webre v. Graugnard, 173 La. 653, 138 So. 433.

Being of the opinion that the claim against Mr. Gronweg is not well founded, we are next confronted with the correctness of the decision below dismissing the suit as to Mrs. Gronweg.

Plaintiff's counsel maintains that Mrs. Gronweg is responsible for the reason that she took possession of her deceased husband's estate and converted it to her own use. It is certain that she cannot be held as an intermeddler because it has been definitely decided, in the succession of Trosclair, supra, that article 1100 of the Code is without application to the surviving spouse in the community. Notwithstanding this, if Mrs. Gronweg has tacitly accepted the succession of her deceased husband, she is individually responsible for one-half of the debts of the community. See Davie & Co. v. Carville, 110 La. 862, 34 So. 807; Ludeling v. Mary H. Felton and husband, 29 La.Ann. 719, 720; Schreiber v. Beer's Widow & Heirs,

150 La. 676, 91 So. 149; Bauer v. Albers, 187 La. 496, 175 So. 39.

 Article 2414 of the Code provides that the widow must make a renunciation of the community within the same delays which are. allowed for the beneficiary heir to explain his intentions. It is well settled, by the above-cited cases, that, where a widow takes possession of the community property of the estate of her husband and exercises acts of ownership with respect thereto, i. e., by the payment of community debts and by the sale of community property, she is held to have tacitly accepted it. Moreover, article 2418 of the Code provides that: "The widow who has concealed or made away with any of the effects of the partnership or community of gains, is declared to be a partner in community, notwithstanding her renunciation." Of course, the articles of the Code respecting tacit acceptance of the beneficiary heir (which apply to the widow in community) must be examined in connection with article 2422, which sets forth that, during the time granted to the widow within which to deliberate, respecting the acceptance or renunciation of the community, she is entitled to receive her maintenance and she has even the right to borrow on account of the common stock on the condition that she uses the privilege with moderation. But here we find that the facts of the case exhibit that Mrs. Gronweg did far more than merely maintain the status of the community of acquets and gains existing between her deceased husband and herself. She retained possession of. the corpus, paid certain debts, and sold property of the succession (however small in value) and appropriated the proceeds to her own use. Therefore, article 2418 of the Code has application. Furthermore, we are convinced that Mrs. Gronweg was well aware (prior to her husband's death and thereafter) of the debt owed by her husband to the plaintiff. This fact is shown by the testimony of a disinterested witness which prevails in our judgment over her denial of any knowledge of the existence of the debt. We cannot distinguish the facts in this matter from those contained in the case of Davie & Co. v. Carville, supra. Hence, we hold that the trial court was in error in not granting plaintiff a judgment against Mrs. Gronweg individually for one half of the debt owed by Frank Armato to him.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from, in so far as it rejects plaintiff's claim against Mrs. Gronweg, is reversed, and it is now ordered that .there be judgment herein in favor of Philip Armato and against Mrs. Mary Ross, wife of Henry Gronweg, in solido with the succession of Frank Armato to the extent of the full sum of $272.50, with 8 per cent. interest on $250 from January 4, 1933, together with 10 per cent. attorney fees on $250 and legal interest on $22.50 from date of judicial demand until paid. In all other respects the judgment appealed from is affirmed. Costs of this appeal to be borne equally by Philip Armato and Mrs. Mary Ross, wife of Henry Gronweg.

Reversed in part.

Affirmed in part.