## CITY OF GRETNA v. GOSSERAND.
### No. 17199.

Court of Appeal of Louisiana. Orleans.
Oct. 30, 1939.

Writ of Certiorari Denied Jan. 9, 1940.

Andrew H. Thalheim, City Atty., of Gretna, for appellant.

Louis H. Gosserand, of New Orleans, in pro. per.

WESTERFIELD, Judge.

The facts in this case are stated in detail and at length in City of Gretna v. Louis H. Gosserand, La.App., 181 So. 214, when the matter was last before us on appeal from a judgment maintaining exceptions of vagueness, misjoinder and no cause of action. We were of opinion that the exceptions should have been overruled, consequently, the judgment was reversed and the case remanded for a hearing on its merits. It is sufficient for our present purpose to say that Louis H. Gosserand, who was, at the time, City Attorney, was employed under authority of an ordinance of that City, to attend to all legal matters in connection with the paving and drainage work on Lafayette Avenue and Second Street, Gretna, Louisiana. A written contract was entered into, according to which he was authorized and directed to collect all of the paving assessments from abutting property owners and to settle with the paving contractors. Plaintiff's petition alleges that the Hardaway Contracting Company, a paving contractor, brought a suit against the City of Gretna for an alleged balance due under its paving contract amounting to $958.60, whereupon an accounting was demanded from Gosserand, who, in the meantime, had been superseded as City Attorney by Andrew H. Thalheim, who prosecutes this suit, and that Gosserand failed to furnish an account, hence this suit to compel him to do so. On March 22, 1938, the day after the judgment below maintaining the exceptions had been signed, the defendant filed an account which we refused to consider on the previous hearing, because the scope of our inquiry, at that time, was "limited to a review of the judgment dismissing the suit on the exceptions".

The defendant, in his answer, averred that "while he was instructed and authorized to make collections of assessments from property owners on both projects, other officials and other agents of the City of Gretna were likewise instructed and authorized to make collections from the property owners and as a matter of fact, did collect the greater portion of said assessments on both projects and did make their returns directly to the City of Gretna".

Mr. Joseph A. Daul, who was Tax Collector for the City of Gretna at the time, testified that acting upon orders of the Board of Aldermen, he collected a large part of the paving assessments and that all disbursements out of the fund so collected, were made by his office. Daul's testimony is not contradicted nor is there any pretense that the collections made by Daul did not reach the Public Treasury.

Counsel for the City of Gretna, however, contends that there is nothing in writing and no ordinance which authorized the tax collector to make the collection and since the City had contracted with Gosserand, Gosserand alone is responsible to the City of Gretna for the whole amount of the assessments due. He cites Corpus Juris, Volume 7, Section 133, and other authorities to the effect that an attorney is obliged to account to his client in detail for all money and property received or handled by him, and that an attorney is held to a higher degree of accountability than an agent. Gilmore v. Gilmore, 137 La. 162, 68 So. 395; Stanwood v. Wishard, C.C., 128 F. 499; Revised Civil Code, Arts. 3002, 3003, 3004 and 3007. There is no question of the validity of the principle involved as stated by the cited authorities, but here the principal has intervened, and, though the attorney had been authorized by contract to make collections and disbursements, the principal itself collected most of the sums which the attorney was authorized to collect. An attorney can not be held liable to a client for collections paid to the client regardless of whether he was employed to make the collections. As far as the account is concerned it is presented in the fullest detail and the exact amount of money and certificates of indebtedness collected by the attorney is set forth and claimed to have been paid over to the City of Gretna. No attempt has been made to contradict the report or to indicate that any further sums were collected or certificates received by Gosserand. We must, therefore, consider that the attorney has met his responsibility in the premises.

In Bauer v. Albers, 1937, 187 La. 496, at page 503, 175 So. 39, at page 41, the Supreme Court declared:

"In 2 C.J. § 683, Verbo 'Agency,' the law is thus stated:

" 'Where the principal sues his agent for an accounting, or for money or property received, the burden is upon him to show that the agent has received the money or property, and the amount or quantity thereof; but it is not incumbent upon him to go farther and show that the agent has not accounted for it or paid it over. On the contrary the burden is then upon the agent to show, either that he has accounted, or some sufficient reason why he has failed to do so.' "

Here, there is no showing that the agent received anything more than he has accounted for.

Our conclusion is that the case is with the defendant, consequently, and for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.