Beulah M. ROBBINS, Appellant,

v.

Constantine ROUMEL, Appellee.

No. 2084.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 21, 1957.

Decided Feb. 24, 1958.

Edward A. Waldmann, Washington, D. C., for appellant.

Jacob A. Stein, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant seeks a reversal in this appeal from a judgment in a nonjury action holding her liable for failing to remit and account for certain funds collected for the principal in the course of the agency.

Appellant was engaged as the resident manager of an apartment house owned by appellee. Under the terms of a written agreement between the parties appellant had general supervision over the building and its personnel, the showing and renting of apartments, and the collection of rent money. The agreement further provided that appellant was to be responsible for the property and funds collected, and a written statement of receipts was to be rendered to appellee not less than once a month. A safe was not provided appellant, but for convenience an account was established by appellee in a bank less than a block from the apartment house, and as a further safeguard appellant purchased a night depository at this bank.

As compensation for her services appellant was permitted to occupy an apartment rent free from which she performed her duties as resident manager. Rents were received from tenants in the living room of this apartment, and by practice these receipts, consisting of both cash and checks, were kept in a desk drawer until deposited in the bank.

A cash shortage of $200 was first discovered by appellant on the 23d of the month while preparing her regular accounting report. Presumably the theft on which appellant relies as a defense in this action could have occurred between the 6th and 22d of the month, since the rent money received was not deposited during that period and daily receipts were not checked

against her account book. Both the police and appellee were notified of the shortage; however, no criminal charges were made against anyone as a result of an investigation of workmen and others in the apartment building. This appeal followed from a judgment for the appellee in a civil action.

. ▇▇▇ The law is well settled in this jurisdiction that in the absence of an agreement expressly or impliedly creating another relationship, a landlord's agent who receives rent money from tenants receives the landlord's money and is a trustee of the funds for him.[1] The rule finds support in the Restatements of Agency and Trusts, both of which recognize that one entrusted with the property of his principal may be an agent and at the same time a trustee.[2] As such (and we find no evidence of any other relationship in the agreement in this case) the standard of care imposed on the agent to protect his principal's property is that of reasonable care and skill. Where the property involved is the money of a principal the agent is required to keep it in a safe place, and unless supplied with proper facilities for the safekeeping of the funds he is both privileged and required to deposit the money in a bank.[3]

▇▇▇ Procedurally, when a principal sues his agent for an accounting or for money had and received, a prima facie case is established by the principal's proof or the agent's admission that a sum of money has come into the possession of the agent. He need go no further, for the burden is then upon the agent to negate his liability either by showing that he has accounted for the money or by offering some sufficient reason why he cannot.[4] In accordance with the foregoing principles, while an agent may allege theft as an affirmative defense, he

1. Brown v. Christman, 75 U.S.App.D.C. 203, 126 F.2d 625; Boss v. Hardee, 70 App.D.C. 50, 103 F.2d 751.

2. Restatement, Agency (1933) § 423, comment a; Restatement, Trusts (1935) § 8, comment f.

3. Restatement, Agency (1933) § 422, comment d.

4. City of Gretna v. Gosserand, La.App., 191 So. 750; Ehrich v. Andrews, 207 App.Div. 378, 202 N.Y.S. 65; Restatement, Agency (1933) § 382, comment d.

may not rest on this alone. The law will impose liability if the money was stolen as a result of the agent's failure to follow his principal's instructions with respect to the handling and custody of the receipts, or if the agent neglected to perform some duty which rested on him independently of his instructions and the omission under the circumstances amounted to a failure to exercise reasonable care.[5] The burden of proving that the principal's instructions were followed or that reasonable care was exercised is upon the agent alleging theft as an affirmative defense.

In the instant case appellant admits in her answer collection of the funds and alleges that the money was presumably stolen. The evidence, however, was such that the trial court could have found that reasonable care was not exercised in protecting the money. The receipts were kept in an unlocked desk drawer in her apartment where tenants and workers had frequent access. Though banking facilities were readily available for day and night deposits, appellant concedes that a daily accounting and depositing of the receipts was not made; the money was in fact kept in the unlocked drawer over a period of two or three weeks. The agent offered no proof that the principal had knowledge of or consented to this manner of keeping the receipts, and in view of the evidence we must hold that the trial court could have found that appellant failed to sustain the burden of showing that reasonable safety precautions were taken.

We note that counsel for appellant, in his brief, frequently takes issue with the statement of proceedings and evidence approved by the trial judge and asks us to consider his version of some of the testimony which he claims is not accurately stated in the court's statement. It is fundamental that it is the duty of this court to obtain the facts not from a statement of proceedings suggested by counsel but from the official statement actually approved by the trial court.[6] Our decision would be the same, however, even if we could accept appellant's version of the evidence.

Affirmed.

---

5.  Cave v. Lougee & Zimmer, 134 Ga. 135, 67 S.E. 667.

6.  Brenner v. Margolies, D.C.Mun.App., 102 A.2d 300, and cases cited.