■ PARADISO & DiMENNA, INC., et al., Respondents, v ROSE DiMENNA, Appellant. [649 NYS2d 126] —Judgment, Supreme Court, Bronx County (Luis Gonzalez, J.), entered January 23, 1995, which, after a nonjury trial, awarded the individual plaintiff $49,659.90 plus interest, and order, same court and Justice, entered February 23, 1995, which denied defendant's motion to set aside the judgment or to direct a new trial, unanimously modified, on the law and the facts, to the extent of vacating the award of damages to the individual plaintiff and awarding such damages to the corporate plaintiff, and otherwise affirmed, with costs to plaintiffs-respondents.

The IAS Court properly granted plaintiffs' motion to amend the pleadings to conform to the proof at trial. The complaint clearly alleged that defendant and her husband had placed "onto check stubs false information" and had improperly "made out 'CASH' checks and had them endorsed by [defendant's husband]". These allegations were repeated in plaintiffs' reply to a demand for a bill of particulars. Since defendant was on notice that this checkwriting practice was at the heart of this case, defendant was not prejudiced by the trial court's amendment of the pleadings to conform to proof adduced at trial of a conversion of funds pursuant to that practice (*Matter of Honig*, 213 AD2d 229). Given the persistence of the practice of endorsing corporate checks issued payable to "cash" and defendant's failure to produce any testimony or other evidence that any of the funds were spent on corporate purposes, the IAS Court properly concluded that a conversion of corporate funds had been established (*see, Ehrich v Andrews*, 207 App Div 378, 380).

However, we find that the award of damages to the individual plaintiff was error. The conversion of funds from the corporate account "resulted in a corporate injury because it deprived [the corporation] of those [funds]" (*Glenn v Hoteltron Sys.*, 74 NY2d 386, 392). The injury to plaintiff's decedent was real but only derivative; therefore the funds should have been awarded to the corporation (*supra*). We are aware that an award of damages to the corporation would permit defendant, a wrongdoer, to share the proceeds. However, as noted in *Glenn* (*supra*, at 393), even though this result may be an insufficient deterrence to wrongdoing in such a situation, a different damage rule for close corporations is not required.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.